IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| RUTH V. BRIGGS | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | Civil Action No. 16-00248 |
| | : | |
| TEMPLE UNIVERSITY | : | |
| *Defendant* | : | |
| | : | |

**DEFENDANT TEMPLE UNIVERSITY – OF THE COMMONWEALTH SYSTEM OF
HIGHER EDUCATION'S ANSWER WITH AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Temple University – of the Commonwealth System of Higher Education ("Temple University" or "Defendant") by and through its undersigned counsel, hereby files this Answer with Affirmative Defenses to Plaintiff Ruth Briggs' Complaint and responds as follows:

## I.  INTRODUCTION

Admitted in part; denied in part.  It is admitted only that Plaintiff initiated this action. The remaining allegations set forth in this Introductory paragraph contain conclusions of law to which no response is required.  To the extent a response is required, it is expressly denied that Temple University discriminated against Plaintiff on any basis or violated any federal or state law.

## II.  PARTIES

1.     Admitted in part; denied in part.  It is admitted that only that Plaintiff is a female individual, but Temple University denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of paragraph 1, and therefore, denies same.

1

2752822

2.      Admitted in part; denied in part.  It is admitted upon information and belief that Plaintiff was 59 years old when she left Temple University, and thus would be 61 years old at this time.  By way of further response, Plaintiff was allowed to resign in lieu of termination.

3.      Denied as stated.  Temple University is a Pennsylvania Nonprofit Corporation with a principal place of business located at 1801 N. Board St. Philadelphia, PA 19122.

4.      Denied.  The allegations of paragraph 4 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

5.      Denied.  The allegations of paragraph 5 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

6.      Admitted.

7.      Denied.  The allegations of paragraph 7 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

8.      Denied.  The allegations of paragraph 8 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

## III.    JURISDICTION AND VENUE

9.      Admitted in part; denied in part.  It is admitted only that Plaintiff initiated this matter pursuant to the ADEA, Title VII and the PHRA. The remaining allegations of paragraph 9 state a conclusion of law to which no responsive pleading is required.  To the extent a response is

2752822

required, Temple University denies same, and further, it is expressly denied that Temple University discriminated against Plaintiff on any basis or violated any federal or state law.

10.     Denied.  The allegations of paragraph 10 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

11.     Denied.  The allegations of paragraph 11 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

12.     Denied.  The allegations of paragraph 12 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

13.     Denied.  The allegations of paragraph 13 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

14.     Admitted in part; denied in part.  Temple University admits that Plaintiff filed a Charge with the Equal Opportunity Employment Commission ("EEOC") and the PHRA on or about April 23, 2014.  By way of further response, Plaintiff's EEOC charge is a written document that speaks for itself, and as such, no responsive pleading from Temple University is required.  To the extent a response is required, Temple University denies same.

15.     Admitted in part; denied in part.  Temple University admits that Plaintiff filed an Amended Charge with the Equal Opportunity Employment Commission ("EEOC") and the PHRA on or about October 13, 2014.  By way of further response, Plaintiff's EEOC charge is a

3

2752822

written document that speaks for itself, and as such, no responsive pleading from Temple University is required.  To the extent a response is required, Temple University denies same.

16.     Admitted in part; denied in part.  Temple University admits only that on or about October 22, 2015 the EEOC issued Plaintiff a Dismissal and Notice of Rights Letter.  By way of further response, Plaintiff's Dismissal and Notice of Rights Letter is a written document that speaks for itself, and as such, no responsive pleading from Temple University is required.  To the extent a response is required, Temple University denies same.  The remaining allegations of paragraph 16 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

17.     Denied.  The allegations of paragraph 17 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

## IV.     FACTUAL ALLEGATIONS

18.     Admitted upon information and belief.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Denied as stated.  It is admitted only that Plaintiff worked as an executive assistant to Dr. Wu.  By way of further response, Plaintiff was allowed to resign in lieu of termination.

23.     Denied. Temple University denies that Dr. Wu displayed any bias against Plaintiff on any basis, or that Dr. Wu or Temple University it discriminated against Plaintiff on any basis, or violated any federal or state law.

2752822

24.     Denied.

25.     Denied.  Temple University denies that Dr. Wu made the alleged comment and therefore denies any interpretation thereof. By way of further response, Temple University lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 25 to the extent Plaintiff contends how she interpreted any event which Temple University denies ever occurred, and therefore, denies same.

26.     Admitted in part; denied in part.   Temple University admits only that as of November 2011, Plaintiff had been employed by Temple University for over ten years.  Temple University denies that Dr. Wu made the alleged comment and therefore denies any alleged reaction thereto by Plaintiff. By way of further response, Temple University lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 26 to the extent Plaintiff contends how she felt about any event which Temple University denies ever occurred, or about Plaintiff's intent as to her work prospects, and therefore, denies same.

27.     Denied. Temple University denies that Dr. Wu made the alleged comments and therefor denies that Plaintiff made the alleged response thereto.

28.     Denied.   Temple University further states that Plaintiff was given a written warning for her problematic and unsatisfactory work performance, and for no other reason.

29.     Denied.  Temple University denies that Dr. Wu made the alleged discriminatory comment to Plaintiff.

30.     Denied as stated.  Temple University admits only that Plaintiff initially met with Sandra Foehl in the office of Equal Opportunity Compliance (EOC) in late July 2012 and raised concerns about her treatment and in response thereto, Ms. Foehl  requested that Plaintiff set forth in writing the treatment she found to be discriminatory.  In response, Plaintiff forwarded an

2752822

email from Dr. Wu which was not discriminatory on its face, and Plaintiff also requested that no action be taken by EOC because Plaintiff was waiting to be cleared for FMLA leave.

31.     Admitted in part; denied in part.  Temple University admits only that two months after Plaintiff requested that no action be taken regarding her complaint, she contacted Ms. Foehl again requesting information about the status of her complaint.  In response, Ms. Foehl asked Plaintiff if she misread the email Plaintiff sent requesting that no action be taken.  If so, she asked Plaintiff to respond to Temple University's previous request for a statement so the investigation could proceed.  Plaintiff never responded to Ms. Foehl's email. Temple University denies that Dr. Wu threatened Plaintiff with termination for reasons that were not job related, or that Dr. Wu made a comment about older women being "put out to pasture" in China.

32.     Admitted in part; denied in part.  Temple University admits only that Plaintiff and other members of the same department set up refreshments for department guests and states that this was part of Plaintiff's job duties. Temple University denies the remaining allegations of paragraph 32.

33.      Admitted in part; denied in part. Temple University admits only that in response to Plaintiff's complaint, Ms. Foehl sent Plaintiff information on how to file an internal complaint with Temple University because Plaintiff's communications indicated she wanted this information. Temple University denies that there was any valid basis for Plaintiff's complaint.

34.     Admitted in part; denied in part.  Temple University admits only that Plaintiff raised concerns with Ms. Brown, but Temple University denies that there was any valid basis for Plaintiff's complaint.

35.     Denied.

2752822

36.     Admitted in part; denied in part.  Temple University admits only Plaintiff raised concerns with Ms. Foehl and Ms. Brown, but Temple University denies that there was any valid basis for Plaintiff's complaint.

37.     Admitted in part; denied in part. Temple University admits only that Plaintiff was directed to the office of Labor and Employee Relations, but Temple University denies that there was any valid basis for her complaint.

38.     Admitted in part; denied in part. Temple University admits only that Plaintiff contacted Ms. Walton, but Temple University denies the remaining allegations of paragraph 38 of the complaint and further denies that Plaintiff was subjected to workplace harassment by Dr. Wu or anyone else, that Plaintiff experienced a hostile work environment, or that such hostile work environment was escalating.

39.     Admitted in part; denied in part. Temple University admits only that on or about February 2013, Plaintiff contacted University Counsel Etazady, but Temple University denies the characterization of that contact and to the extent it is in writing it speaks for itself. To the extent a further response is required, Temple University denies same.

40.     Admitted in part; denied in part. Temple University admits only that on or about February 2013, Plaintiff contacted University Counsel Etazady, but Temple University denies the characterization of that contact and to the extent it is in writing it speaks for itself. To the extent a further response is required, Temple University denies same.

41.     Admitted in part; denied in part. Temple University admits only that Plaintiff had communicated with University Counsel, but Temple University denies the characterization of that contact and to the extent it is in writing it speaks for itself.   To the extent a further response is required, Temple University denies same.

2752822

42.     Admitted in part; denied in part. Temple University admits only that Plaintiff spoke to Ms. Brown, Ms. Foehl, and Ms. Walton. Temple University denies the remaining allegations of paragraph 42 and in further response states that Plaintiff's work issues were tied to her unsatisfactory job performance, and Plaintiff was provided internal support from Temple University to succeed.  By way of further response, Plaintiff was given the information she requested to proceed with a complaint of discrimination, which she failed to utilize.

43.     Denied.  The allegations of paragraph 43 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

44.     Admitted in part; denied in part. Temple University admits only that Mr. Etezady directed Plaintiff to reach out to Fay Trachtenberg of Temple University's Office of University Counsel, but Temple University denies that there was any valid basis for Plaintiff's complaint.

45.     Admitted in part; denied in part. Temple University admits only that Plaintiff spoke with Ms. Trachtenberg but denies the remaining allegations of paragraph 45 of the Complaint.

46.     Admitted in part; denied in part. Temple University admits only that Plaintiff contacted Ms. Trachtenberg and Mr. Etezady on or about August 13, 2013, but Temple University denies that Plaintiff was singled out by anyone.  By way of further response, Temple University states that during this period, Plaintiff continued to have job related performance issues, which requiring Plaintiff to attend daily organizational meetings with Dr. Wu and Mr. DiMeo.

2752822

47.     Admitted in part; denied in part.  Temple University admits only that Plaintiff was suspended for three days without pay for making a serious mistake. Temple University denies the remaining allegations of paragraph 47. By way of further response, the discipline that Plaintiff received in response to this infraction was consistent with Temple University's disciplinary policies, and was no more or less severe than the discipline received by individuals outside her protected class.

48.     Denied.  Plaintiff's August 6, 2013 is a written document that speaks for itself, and as such, no responsive pleading from Temple University is required.  To the extent a response is required, Temple University denies same.

49.     Denied.  Temple University provided ongoing support for Plaintiff to succeed notwithstanding her ongoing performance struggles, and indicated to Plaintiff what she needed to do if she wanted to proceed with a complaint of job discrimination, but Plaintiff failed to utilize the information Temple University provided to her.

50.     Admitted in part; denied in part. It is admitted only that Plaintiff received a disciplinary notice from Dr. Wu and Mr. DiMeo in January of 2014, but it is denied that the disciplinary notice was "unfair."  By way of further response, Temple University states that the notice was issued after Plaintiff had missed seven daily meetings with Mr. DiMeo and Dr. Wu without making prior arrangements for her late arrival, or calling to say that she would be late.

51.     Admitted in part; denied in part.  Temple University admits only that Plaintiff contacted a student worker about her lateness, but Temple University specifically denies that such notice is proper under University policy.

52.     Denied. Temple University lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 52, and therefore, denies same.

9

53.     Denied. Temple University lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 53, and therefore, denies same.

54.     Admitted in part; denied in part.  Temple University admits only that Plaintiff contacted a student worker about her lateness, but Temple University specifically denies that such notice is proper under University policy.

55.     Denied as stated.  Temple University denies that the disciplinary notice was issued for a single lateness.  Temple University further states that the notice was issued for the most serious lateness after Plaintiff had previously missed seven daily meetings with Mr. DiMeo and Dr. Wu in the month of January without making prior arrangements for her late arrival, or calling to say that she would be late.

56.     Denied.

57.     Admitted in part; denied in part. Temple University admits only that Ms. King still works at Temple University, but denies the remaining allegations of paragraph 57.

58.     Admitted in part; denied in part.  Temple University admits only that Plaintiff contacted Ms. Foehl and Ms. Walton after she received her disciplinary notice in January, but denies that Plaintiff's discipline was "unwarranted."

59.     Denied.  Plaintiff's February 25, 2014 communication is a written document that speaks for itself, and as such, no responsive pleading from Temple University is required.  To the extent a response is required, Temple University denies same. Bu way of further response, the allegations of paragraph 59 state a conclusion of law to which no responsive pleading is required, to the extent a response is required, Temple University denies same.

2752822

60.     Denied.  The allegations of paragraph 60 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

61.     Denied.  Plaintiff's March 13, 2014 communication is a written document that speaks for itself, and as such, no responsive pleading from Temple University is required.  To the extent a response is required, Temple University denies same.  By way of further responses, the remaining allegations of paragraph 61 state a conclusion of law to which no responsive pleading is required, to the extent a response is required, Temple University denies same.

62.     Denied.  The allegations of paragraph 62 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

63.     Admitted in part; denied in part.  Temple University admits only that Plaintiff and Ms. Foehl met in-person on April 1, 2014, but denies that Plaintiff experienced any unlawful discrimination while at Temple University.

64.     Admitted in part; denied in part.  Temple University admits only that Plaintiff met with Mr. Wacker, but denies the characterization of the meeting with Ms. Foehl referenced in paragraph 64.

65.     Admitted in part; denied in part. Temple University admits only that on or about April 1, 2014, Plaintiff was given a termination notice, but further states that Plaintiff was also given the opportunity to resign in lieu of termination if she so wished.  Temple University denies the characterization of the termination notice which is in writing as speaks for itself, and as such, no response is required.  To the extent a response is required, the remaining allegations of paragraph 65 are denied.

2752822

66.     Admitted in part; denied in part.  Temple University admits only that Plaintiff was given her the opportunity to resign in lieu of termination after she met with Ms. Foehl.  Temple University denies the remaining allegations of paragraph 66. In further response, Temple University states that Plaintiff was given the opportunity to resign or to be terminated because she had serious, longstanding performance issues.

67.     Denied.  The allegations of paragraph 67 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

68.     Denied.  The allegations of paragraph 68 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

69.     Denied.  The allegations of paragraph 69 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

70.     Denied.  The allegations of paragraph 70 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

71.     Denied.  The allegations of paragraph 71 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

72.     Denied.  The allegations of paragraph 72 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

2752822

73.     Denied.  The allegations of paragraph 73 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

74.     Denied.  The allegations of paragraph 74 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

75.     Denied.  The allegations of paragraph 75 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

76.     Denied.  The allegations of paragraph 76 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

77.     Denied.  The allegations of paragraph 77 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

78.     Denied.  The allegations of paragraph 78 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

79.     Denied.  The allegations of paragraph 79 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

2752822

## COUNT I – ADEA

80.    Temple University incorporates herein by reference its responses to paragraphs 1 through 79 above, as if set forth herein in their entirety.

81.    Denied.  The allegations of paragraph 81 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

82.    Denied.  The allegations of paragraph 82 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

83.    Denied.  The allegations of paragraph 83 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

84.    Denied.  The allegations of paragraph 84 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

85.    Denied.  The allegations of paragraph 85 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

86.    Denied.  The allegations of paragraph 86 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

2752822

## COUNT II- TITLE VII

87.     Temple University incorporates herein by reference its responses to paragraphs 1 through 86 above, as if set forth herein in their entirety.

88.     Denied.  The allegations of paragraph 88 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

89.     Denied.  The allegations of paragraph 89 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

90.     Denied.  The allegations of paragraph 90 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

91.     Denied.  The allegations of paragraph 91 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

92.     Denied.  The allegations of paragraph 92 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

93.     Denied.  The allegations of paragraph 93 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

2752822

## COUNT III- PHRA

94.     Temple University incorporates herein by reference its responses to paragraphs 1 through 93 above, as if set forth herein in their entirety.

95.     Denied.  The allegations of paragraph 95 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

96.     Denied.  The allegations of paragraph 96 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

97.     Denied.  The allegations of paragraph 97 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

98.     Denied.  The allegations of paragraph 98 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

99.     Denied.  The allegations of paragraph 99 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

100.    Denied.  The allegations of paragraph 100 state a conclusion of law to which no responsive pleading is required.  To the extent a response is required, Temple University denies same.

2752822

## RELIEF

WHEREFORE, Temple University requests that judgment be entered in its favor on Counts I, II and III of the Complaint, that Counts I, II and III of the Complaint be dismissed with prejudice in their entirety and that Defendant be awarded its reasonable costs, expense and attorney's fees and such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant as to the terms and conditions of Plaintiff's employment with Defendant were taken in good faith and were based upon legitimate, non-discriminatory business reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendant would have made the same employment decision with respect to Plaintiff regardless of her gender and/or age and Defendant's actions were not based on any impermissible motive.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that if Plaintiff suffered any loss or damages, such loss or damages were caused by her own conduct and/or because she failed to mitigate her damages and not by any alleged conduct by Defendant.

2752822

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that she seeks punitive damages because those damages are barred by the United States Constitution and because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights. Any allegedly discriminatory employment decisions of Defendant or its agents, if any occurred, which Defendant denies, were contrary to Defendant's good faith efforts to comply with Title VII, the ADEA, PHRA, and all other applicable laws.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part, by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that there are any procedural deficiencies or administrative prerequisites which Plaintiff has not met with respect to her claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff was an employee at will, her Complaint fails to state a claim on which she is entitled to any relief.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by considerations of public policy.

18

2752822

**ELEVENTH AFFIRMATIVE DEFENSE**

Temple University Expressly reserves the right to rely upon other affirmative defenses which may become available or apparent during discovery, and expressly reserves the right to amend this pleading to assert such defenses.

GRIESING LAW, LLC

**/s/ Francine Friedman Griesing**
Francine Friedman Griesing, Esq.
Elizabeth A. Livingston, Esq.
PA Identification Nos. 48982/208126
1717 Arch Street
Suite 3630
Philadelphia, PA 19103
215-618-3720
215-814-9049 [fax]
fgriesing@griesinglaw.com
elivingston@griesinglaw.com

*Counsel for Defendant*

March 28, 2016

2752822

## CERTIFICATE OF SERVICE

I, Elizabeth A. Livingston, hereby certify that on this 28th day of March, 2016, I caused a true and correct copy of the foregoing Defendant's Answer with Affirmative Defenses to Plaintiff's Complaint to be served via this Court's Electronic Filing System (ECF) upon the following:

Rahul Munshi
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

**/s/ Francine Friedman Griesing**
Francine Friedman Griesing, Esq.

2752822