IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH BRIGGS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 16-248 |
| TEMPLE UNIVERSITY, | : | |
| Defendant. | : | |

## SCHEDULING ORDER

**AND NOW**, this 4th day of April, 2016, after a telephone conference between the Court and the parties, it is hereby **ORDERED** that:

1. the parties shall exchange the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) starting **April 4, 2016**;

2. fact discovery shall be completed on or before **August 2, 2016**;

3. Plaintiff shall forward her expert report(s) to Defendant on or before **June 3, 2016**;

4. Defendant shall respond within **thirty (30) days** to Plaintiff's filing of her expert report(s);

5. all dispositive motions, if any, shall be filed on or before **August 16, 2016;**

6. if the parties do not file any dispositive motions, the parties' Joint Pretrial Order shall be filed on or before **August 30, 2016**. If dispositive motions are filed, the parties' Joint Pretrial Order shall be filed within **fourteen (14) days** after the Court's disposition of the dispositive motions;

7. the Court shall give this case a date certain for trial; and

8. proposed changes to the foregoing schedule shall be considered by written motion only.

>BY THE COURT:
>
>/s/ Robert F. Kelly
>ROBERT F. KELLY
>SENIOR JUDGE

# PRETRIAL AND TRIAL PROCEDURE
## Before Judge Robert F. Kelly

1. Counsel shall be familiar with the provisions of F.R.C.P. 16.

2. Discovery shall be conducted promptly and diligently. Deadlines will be enforced and neither unnecessary discovery nor obstructionism will be tolerated. Discovery enforcement or relief should be sought promptly by motion only. Telephone inquiries relating to scheduling should be directed to the court deputy clerk.

3. A specific trial date will be established at the scheduling conference. The court will make every effort to commence trial as scheduled.

4. Pretrial memoranda required to be delivered to the court as per court order shall include the following:

   a. All things as required in the Final Joint Pretrial Order pursuant to Fed. R. Civ. P. 16 and Local Rule of Civil Procedure 21, if applicable.

   b. A list of all exhibits pre-numbered and pre-exchanged among all counsel. If exhibits are numerous, they should be suitably tabbed to facilitate ease and speed in locating an exhibit.

   c. In all jury cases, proposed points for charge and in all non-jury cases, proposed findings of fact and conclusions of law. Counsel have the right to file supplemental points, findings and conclusions upon the close of testimony (counsel is reminded that the originals of these documents should be filed in the Clerk's Office, Rm. 2609, and that the court should be provided a copy).

   d. A statement of any anticipated legal issues on which the court will be required to rule together with counsel's single best authority (case citation, Rule of Civil Procedure, Rule of Evidence, Statute, etc.).

   e. All stipulations of counsel and an itemized list of any admissions to be read into evidence.

5. Court sessions will commence daily at 9:30 a.m. and continue until 12:30 p.m. with a short mid-morning break. Court will reconvene at 1:30 p.m. and continue until 4:30 p.m. (unless a juror from one of the outlying counties has a transportation schedule to meet) with a short mid-afternoon break. The court will adhere to this schedule and counsel must fit *all* witnesses into that time frame and not seek exceptions.

6. Counsel has the responsibility to have all witnesses available in court as scheduled. Failure to do so may result in sanctions.

7. All videotape recordings shall be conducted with an acute sensitivity that the videotape will be shown to a jury. Skillful organization of the testimony, elimination of unnecessary objections and conservation of time are strongly urged.

8. Counsel may conduct examination of witnesses from counsel table or from the lectern. Counsel is reminded that the courtroom is equipped with an electronic sound recording system. Therefore, counsel should always be near a microphone when speaking.

9. Opening statements shall be *brief* and *outlines only (not argument)* of the evidence counsel intends to present.

10. Summations shall *not* exceed thirty minutes except upon special exception allowed by the court in a complex case. Rebuttal argument by plaintiff shall ordinarily not exceed five minutes and shall be confined strictly to a response to *unanticipated* argument by opposing counsel. Re-argument will not be permitted.

11. Except for letters of transmittal that accompany documents that are required to be sent or filed at the Courthouse, counsel should not include the court as an addressee or as a party designated to receive copies of letters among and between counsel, except in the following instances:

   a. Where the court specifically invites counsel to advise the court of some matter by letter; or

   b. When the cause of counsel's participation in the case is expected to be affected by a personal matter concerning counsel, a party, a witness, or counsel's immediate family, such as a medical problem, vacation plans, or other similarly personal problems or questions; or

   c. To confirm or advise the court that a case has been settled, dismissed or otherwise finally disposed of.

All other communications with the court concerning cases before the court should be by the filing of pleadings, motions, applications, briefs, legal memoranda, or other similar filings provided for in the Federal Rules of Civil or Criminal Procedure or our Local Rules of Civil or Criminal Procedure.