## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUTH V. BRIGGS  
    Plaintiff  

    v.  

TEMPLE UNIVERSITY  
    Defendant  

:
:
:
:
:
:
:
:
:
:

Civil Action No. 16-00248

FILED

JUN 2 0 2016

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## JOINT STIPULATED ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

AND NOW, this 20th day of June, 2016, it is hereby ORDERED AND DECREED by the Court, on the Joint Motion of the Parties, as follows:

WHEREAS, this matter is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on joint motion by Plaintiff Ruth V. Briggs ("Plaintiff") and Defendant Temple University – of the Commonwealth System of Higher Education ("Temple University" or "Defendant") (collectively the "Parties" as appropriate);

WHEREAS, the Parties advise the Court (i) that the Parties have served requests for production of documents pursuant to Rule 34 which seek documents where certain objections have been or will be made against their production without a protective order to preserve the confidentiality of confidential personnel, medical, financial, commercially sensitive or proprietary information, and (ii) that the Parties have served interrogatories pursuant to Rule 33 which seek information where objections have been or will be made against providing certain information without a protective order to preserve the confidentiality of confidential personnel, medical, financial, commercially sensitive or proprietary information;

3051691

WHEREAS, the Court believes that entry of this Protective Order is in the interest of all Parties and in the fair and efficient administration of justice;

Therefore, until further order of the Court, it is hereby ordered as follows:

The following definitions shall apply in this order:

A. The term "document" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information and shall include, but not be limited to, the original and all copies, regardless of origin, location, or form of any paper, pamphlet, periodical, letter, memorandum, telegram, telex, cable, other correspondence, report, record, study, note, notices, diary, calendar, working paper, chart, computer disk, computer file, electronic mail, floppy disk, hard disk, computer data storage device, book, graph, business record, appointment book, notebook, pleading, or litigation paper, as well as any other tangible things on which thoughts or information is recorded;

B. The term "Confidential Documents" means any and all documents from the files or possession of any of the Parties (or copies, notes, extracts, or summaries created therefrom) which contain information about personnel records, medical information, financial information, proprietary information, or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party, a Party, or any non-party. The term "Confidential Documents" specifically includes the information contained therein.

3051691

C. The term "Confidential Information" means any and all information, whether contained in Confidential Documents or not, from any of the Parties which concerns personnel, medical, financial, commercially sensitive confidential research or development or proprietary matters, or any other matter the disclosure of which would disadvantage, damage, or prejudice the Producing Party, a Party, or any non-party.

D. The term "Party" means a Party to this action and any employee, agent or representative of such party.

E. The term "Producing Party" as used herein means the Party to this lawsuit who produced a document or provided information designated as "Confidential" pursuant to this order.

F. The term "Receiving Party" means a Party to this lawsuit who has received from another Party a document or information designated as "Confidential" pursuant to this order.

None of the Parties or their counsel shall use Confidential Documents produced or Confidential Information provided by any other Party in this action for any purpose other than prosecution or defense of this action.

If any Party produces or receives any documents which it believes constitute Confidential Documents or provides or receives any information which it believes constitutes Confidential Information, it shall stamp each such document or label such information, including deposition transcripts or portions thereof, "Confidential." Confidential designations shall be made at the time of production or receipt, or, in the case of deposition transcripts, within 10 days of receipt of the transcript. However, documents or information unintentionally produced without designation

3051691

as "Confidential" or documents or information produced or received prior to the date of this Protective Order may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to or by a Party. The Producing Party shall not knowingly designate any document, thing or discovery testimony "Confidential" when such documents, things or testimony does not contain Confidential Information, and nothing shall be construed to allow the Producing Party to designate all documents, things or deposition testimony produced "Confidential." If any other Party believes that any item thus designated should be excluded from the scope of this Protective Order that Party or its counsel shall meet and confer with counsel for the Party producing the item to resolve any disagreement. If the Parties are unable to resolve their differences, the Party objecting to the designation may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order. The particular item in dispute shall be treated in the manner designated until such time as the Court rules on the motion.

Deposition testimony or any portion thereof may be designated Confidential Information on the record at the deposition. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as "Confidential" are separately bound by the reporter. A Producing Party which discovers after a deposition that Confidential Information was inadvertently disclosed during a deposition reserves the right to designate as "Confidential" such portions of the deposition transcript and exhibits as the Producing Party deems appropriate within ten (10) days of the receipt of the transcript. Thereafter, the Receiving Party agrees to assure that such disclosed Confidential Information shall receive the protection intended by this Protective Order.

4

3051691

Interrogatory answers containing Confidential Information shall be set forth separately and the Receiving Party agrees to assure that such Confidential Information shall receive the protection intended by this Protective Order.

No person other than the Producing Party or its counsel of record shall disclose to any other person Confidential Documents or Confidential Information unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and Confidential Information may be disclosed only to the following persons:

A. Counsel of record for the Receiving Party and the employees of such counsel who are assisting said counsel in preparation for the hearing or trial of this matter;

B. Receiving Party and employees of Receiving Party who need to see such documents to assist in preparing for the hearing or trial of this matter or for giving testimony in this matter;

C. Persons specifically retained or consulted by the Receiving Party to assist in the preparation or trial of this matter (such as consultants and other experts) who are not regular employees of the Receiving Party or counsel of record for such Party, but only if such persons need the Confidential Documents or Confidential Information to render such assistance (such persons may not retain the Confidential Documents or disclose the Confidential Information after their participation in the case is ended); and

D. Any deposition or trial witness at a deposition, hearing, or trial to the extent that it is necessary to tender to such witness a Confidential Document or

5

3051691

disclose Confidential Information to elicit testimony relevant to the matters at issue in this case.

Before any person is given access to Confidential Documents or Confidential Information therefrom under subparagraphs 6.C and 6.D above, the Receiving Party's counsel shall explain the duties and obligations required by this Stipulated Protective Order and receive an oral confirmation that said person shall abide by the provisions of the Order. (In the case of a deposition or trial witness, it shall be sufficient to explain the duties and obligations required by this Stipulated Protective Order and obtain his or her acknowledgment one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents or may be provided with confidential information.)

No document (including pleadings, briefs, memoranda, depositions, and exhibits) containing Confidential Documents or Confidential Information shall be filed with the Court unless filed separately under seal in an envelope marked with a legend substantially as follows: "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION, THE DISCLOSURE OR USE OF WHICH IS RESTRICTED BY COURT ORDER." Where portions of a pleading containing Confidential Documents or Confidential Information can be segregated, only those portions containing such Confidential Information need be filed under seal.

Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such information or documents, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

3051691

Nothing in this Order shall: (i) preclude a Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate; (ii) preclude any Party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a Party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action, provided such documents were obtained or came into the Party's possession in a legal manner; (iv) waive a Party's right to object to the admissibility of documents or discovery materials; or (v) waive or modify any past, present or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

Should this matter proceed to trial, any information and/or documents previously designated as Confidential and subsequently introduced as evidence or otherwise used at trial will no longer be subject to the requirements of this Order. Notwithstanding the foregoing, a party may still petition the court for a court order to protect specific information and/or a document as confidential that would otherwise become public when such information and/or document is introduced as evidence or otherwise used at trial. Any such subsequent grant of confidentiality shall solely be subject to the Court's discretion. Any information and/or documents designated as Confidential that is not introduced as evidence or otherwise used at trial shall remain subject to the terms of this Order.

At the conclusion of this lawsuit, all Confidential Information received by whomever and in whatever form, including all copies summaries, extracts and notes concerning the confidential information, shall be destroyed by the Receiving Party within forty five (45) days after the conclusion of this lawsuit. The "conclusion of this lawsuit" shall occur by court order of dismissal as settled or final order of judgment after all appeals have been exhausted. This

7

3051691

includes Confidential Information given to experts, consultants, witnesses or any other person or entity. Counsel for the Receiving Party shall certify, to the best of his or her knowledge and belief, compliance with the requirements of this Paragraph.

Subject to all Court issued pre-trial rulings, nothing contained in this Protective Order shall prohibit any Party from showing any discoverable, relevant and admissible Confidential Information to the jury at the trial in this action, or from entering any such discoverable, relevant and admissible Confidential Information into evidence at the trial in this action, however, any Confidential Information to be used at trial must be exchanged thirty (30) days before trial to allow the Producing Party to seek a protective order from the Court.

This Order may be modified by the Court with notice to both Parties and the opportunity for a hearing. This Order may also be modified by the Court upon application of any Party for good cause shown.

3051691

Local Rule 5.1.5 of the United States District Court for the Eastern District of Pennsylvania, pertaining to Documents Filed under Seal, is incorporated and made part of this Protective Order. Notwithstanding Local Rule 5.1.5, within ninety (90) days of the termination of this lawsuit, and to the extent permitted by the Court, the parties shall retrieve all confidential documents from the Court.

CONSOLE LAW OFFICES, LLC

GRIESING LAW, LLC

 **/s/ Rahul Munshi**
Rahul Munshi, Esq.
1525 Locust Street,
9th Floor
Philadelphia, PA 19102
(215) 545-7676 - Phone
**Attorney for Plaintiff**

 **/s/ Elizabeth A. Livingston**
Francine Friedman Griesing, Esq.
Elizabeth A. Livingston, Esq.
1717 Arch Street
Suite 3630
Philadelphia, PA 19103
fgriesing@griesinglaw.com
elivingston@griesinglaw.com
(215) 618-3722 - Phone
(215) 814-9049 – Fax
**Attorneys for Defendant**

APPROVED and SO ORDERED

HONORABLE ROBERT F. KELLY
Dated:

9

3051691