# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS | Civil Action No. 16-0248 |
| Plaintiff | |
| v. | |
| TEMPLE UNIVERSITY | FILED VIA ECF |
| Defendant. | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF**
**<u>ITS MOTION FOR SUMMARY JUDGMENT</u>**

**I.     INTRODUCTION**

Temple is entitled to judgment as a matter of law because Ms. Briggs has no competent evidence to meet her burden of showing that Temple discriminated against her or subjected her to a hostile work environment because of her age or her gender, or retaliated against her because she engaged in protected activity.  Ms. Briggs's opposition only underscores how her claims are based on nothing more than speculation and conjecture, which cannot create a genuine issue of material fact and withstand summary judgment.

The reasons supporting Temple's Motion are set forth fully in its opening brief, and it will not repeat them here.  A few points, however, deserve amplification.

**II.    ARGUMENT**

**A.     Temple Is Entitled to Summary Judgment on Ms. Briggs's Retaliation Claim Because Her Contention That Dr. Wu Must Have Known about Her Complaints Is Based Solely on Speculation.**

As Temple demonstrated in its opening brief, Ms. Briggs cannot sustain her retaliation claim because the undisputed facts show that Dr. Wu did not know that Ms. Briggs complained about him, let alone that she ever told anyone at Temple she believed he was discriminating against her on the basis of her age or gender.  (*See* Def.'s Mem. at 34.)  In her opposition, Ms. Briggs argues that, despite this uncontroverted evidence, a jury could find that Dr. Wu knew about her complaints.  To support this assertion, Ms. Briggs cites Ms. Walton's testimony that it was her understanding Mr. DiMeo and/or Mr. Wacker spoke with Dr. Wu when Ms. Walton reached out them to gather more information to address Ms. Briggs's concerns.  (Pl.'s Opp'n at 33.)  It simply is not reasonable to conclude from Ms. Walton's testimony that Dr. Wu knew Ms. Briggs complained about him.  First, Ms. Walton's belief that any such conversations took place does not prove they occurred.  Many of Ms. Briggs's complaints related to Mr. DiMeo attending her meetings with Dr. Wu and then allegedly telling Mr. Wacker what happened during those

meetings.  Mr. Wacker himself was involved in the disciplinary actions about which Ms. Briggs complained to Ms. Walton.  Therefore, contrary to Ms. Walton's supposition, there was no need for Mr. DiMeo and/or Mr. Wacker to further discuss the issues with Dr. Wu to learn the facts.

Second, even if it were reasonable to infer from Ms. Walton's speculative testimony that any such conversations took place, there is no evidence that Mr. DiMeo or Mr. Wacker ever told Dr. Wu that Ms. Briggs complained about him, as opposed to simply asking him about the facts surrounding the events in question.  Moreover, it is undisputed that neither Mr. DiMeo nor Mr. Wacker knew prior to Ms. Briggs's termination that she had complained to Ms. Foehl, who was solely responsible for addressing claim of alleged discrimination.  (DiMeo Decl. ¶ 5; Wacker Dep. 68:21-69:1.)  Therefore, they could not have told Dr. Wu about any such complaints. Although the Court must draw all reasonable inferences in favor of the party opposing summary judgment, those inferences must be based on *facts* rather than speculation.  "[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment."  *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990).  Where, as here, the defendant presents evidence showing the decision-maker lacked knowledge of the plaintiff's protected activity, the plaintiff cannot establish causation by simply arguing that, contrary to the unrefuted evidence, the decision-maker "must have known" of his protected activity under the circumstances.  *Mandia v. ARCO Chem. Co.*, 618 F. Supp. 1248, 1253 (W.D. Pa. 1985).  Instead, he or she must support that assertion with concrete evidence. Because Ms. Briggs fails to do so, her claim fails as a matter of law.

Ms. Briggs also argues in her opposition that summary judgment is inappropriate despite Dr. Wu's unconverted testimony because, she posits, a jury may decide Dr. Wu is "lying" based on his prospective demeanor at trial.  The court rejected this exact argument in *Larison v. FedEx*

*Corporate Services*, Civil Action No. 16-5921, 2017 WL 2569206, at *6-7 (E.D. Pa. June 13, 2017) (Kearney, J.).[1] In *Larison*, the plaintiff argued the court "should deny summary judgment simply because a jury, reviewing her demeanor on the stand, is entitled to disbelieve [the decision-maker's] testimony she did not discriminate against [plaintiff]." *Id.* at *6. However, the plaintiff did not present evidence concerning the decision-maker's demeanor while testifying at deposition concerning her decision to discharge the plaintiff. *Id.* at *7. As the court explained, without such evidence, it "would be speculating as to the jury's ability to disbelieve [the decision-maker] based on her demeanor at trial." *Id.* Thus, the court found her prospective demeanor at trial did not raise a genuine issue of material fact precluding summary judgment. *Id.*

Likewise, here, Ms. Briggs has offered no evidence to support her speculative assertion that the jury could disbelieve Dr. Wu (or any other witness) based on his potential demeanor at trial. Accordingly, his prospective trial demeanor does not create a genuine factual issue.

> **B.      Temple Is Entitled to Summary Judgment on Ms. Briggs's Hostile Work Environment Claim Because She Has Not Shown That the Alleged "Harassment" Was Because of Her Age or Gender or That It Was Severe or Pervasive.**

As Temple also demonstrated, Ms. Briggs cannot establish the first two elements of a *prima facie* claim of hostile work environment because the undisputed facts show that the alleged "harassment" about which she complains was neither "because of" her age or gender nor was it severe or pervasive. (Def.'s Mem. at 29-31.) Ms. Briggs's opposition does not address Temple's arguments. Temple is entitled to summary judgment on her hostile work environment claim. *See, e.g.*, *Kautz v. Met-Pro Corp.*, No. Civ.A. 02-CV-8610, 2004 WL 1102773, at *7

---

[1] Notably, the plaintiff in *Larison* was represented by the same firm that represents Ms. Briggs in this case.

3

(E.D. Pa. May 17, 2004) (finding plaintiff had failed to meet his burden and avoid summary judgment because he failed to address and rebut defendant's evidence,), *aff'd*, 412 F.3d 463 (3d Cir. 2005); *Kelly v. Drexel Univ.*, 907 F. Supp. 864, 878 n.11 (E.D. Pa. 1995) (finding plaintiff failed to sustain his burden to defeat a motion for summary judgment due to his failure to address certain of his claims).

        **C.    Temple Is Entitled to Summary Judgment Because Ms. Briggs Has Not Shown That There Is a Genuine Issue of Fact for Trial.**

Ms. Briggs argues in her opposition that summary judgment should be denied because there is a dispute whether Temple's decision to terminate her employment was unlawfully motivated. (Pl.'s Opp'n at 42.) This argument misses the mark. "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000). In every case, the plaintiff contends the defendant was unlawfully motivated, and the defendant disputes that contention. Ms. Briggs's assertion that summary judgment should be denied because Temple disputes her assertion that her termination was unlawfully motivated would mean summary judgment may never be granted in an employment discrimination case. Contrary to her assertion, however, *Goosby v. Johnson & Johnson Medical*, 228 F.3d 313 (3d Cir. 2000), does not preclude summary judgment in an employment discrimination case where, as here, the standards for summary judgment are met. *See, e.g.*, *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798-800 (3d Cir. 2003); *Fuentes v. Perskie*, 32 F.3d 759, 764-65 (3d Cir. 1994). Indeed, the U.S. Supreme Court has "reiterated that trial courts should not treat discrimination differently from other ultimate questions of fact" by denying employers judgment as a matter of law when the plaintiff fails to meet her burden of proof. *Reeves*, 530 U.S. at 148 (internal quotation marks omitted). Because Ms. Briggs has not offered

specific facts demonstrating a genuine issue for trial, Temple is entitled to summary judgment on all of her claims.

### III. CONCLUSION

As demonstrated above and in Temple's opening brief, there are no genuine issues of material fact and Temple is entitled to judgment as a matter of law.

Respectfully submitted,

*/s/ Rachel Fendell Satinsky*
Richard R. Harris
Rachel Fendell Satinsky
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 – telephone
267.402.3131 – facsimile
rharris@littler.com
rsatinsky@littler.com

*Attorneys for Defendant*
*Temple University*

Dated: August 21, 2017

5