**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUTH V. BRIGGS, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:16-CV-00248-RK |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OR OTHER
EVIDENCE RELATING TO TANYA HUNNEWELL OR MS. HUNNEWELL'S PRIOR
LAWSUIT AGAINST TEMPLE UNIVERSITY**

Defendant Temple University, by and through its undersigned counsel, submits the following Motion *in Limine* to preclude Plaintiff from introducing or eliciting any testimony or other evidence relating to Tanya Hunnewell, a former employee of Temple University, and Ms. Hunnewell's lawsuit against Temple University, which occurred approximately fourteen (14) years ago. This Court should preclude Ms. Briggs from eliciting or presenting such evidence at trial because it is wholly irrelevant to the claims and defenses in this matter, it has no probative value, and, if introduced, it would unduly prejudice Temple University, confuse the issues at trial, and cause an undue waste of time on irrelevant issues. The reasons supporting this Motion *in Limine* are more fully set forth in an accompanying Memorandum of Law, which is being filed concurrently with this Motion and the contents of which are incorporated herein by reference.

1

**WHEREFORE**, Temple University respectfully requests that this Honorable Court enter an order in the form attached hereto, excluding from trial all evidence and testimony relating to Tanya Hunnewell or Ms. Hunnewell's prior lawsuit against Temple University.

Respectfully submitted,

*/s/ Richard R. Harris*
Richard R. Harris, (PA #84897)
Rachel Fendell Satinsky, (PA #308751)
Jonathan L. Shaw, (PA #316882)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
Temple University

Date: July 10, 2018

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RUTH V. BRIGGS,

     Plaintiff,

     v.

TEMPLE UNIVERSITY,

     Defendant.

        Case No. 2:16-CV-00248-RK

:
:
:
:
:
:
:
:
:
:
:
:

**ORDER**

AND NOW, this ____ day of _____, 2018, upon consideration of Defendant Temple University's Motion *in Limine* To Exclude All Evidence Regarding Tanya Hunnewell And Ms. Hunnewell's Prior Lawsuit Against Temple University, and any opposition thereto, it is hereby ordered that Defendant's Motion is **GRANTED.**  Plaintiff is precluded from presenting or eliciting any testimony or other evidence at trial relating to Tanya Hunnewell or Ms. Hunnewell's prior lawsuit against Temple University.

**BY THE COURT:**

_____
                     J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUTH V. BRIGGS, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:16-CV-00248-RK |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT TEMPLE UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OR OTHER EVIDENCE
RELATING TO TANYA HUNNEWELL OR MS. HUNNEWELL'S PRIOR LAWSUIT
AGAINST TEMPLE UNIVERSITY**

**I.      INTRODUCTION**

This case concerns Ruth Briggs's claims that Temple University discriminated against her because of her age and sex, subjected her to harassment, and retaliated against for her alleged complaints of age and sex discrimination.  Temple University anticipates that Ms. Briggs will attempt to introduce or elicit testimony and other evidence regarding Tanya Hunnewell, a former employee of Temple University, Temple University's supposed interference with Ms. Hunnewell's intermittent leave under the Family and Medical Leave Act ("FMLA"), and Ms. Hunnewell's lawsuit against Temple University, which occurred approximately fourteen (14) years ago.  Such evidence is wholly irrelevant to the claims and defenses in this matter, it has no probative value, and, if introduced, it would unduly prejudice Temple University, confuse the issues at trial, and cause an undue waste of time on irrelevant issues.  Temple University, therefore, respectfully requests that this Court exclude such evidence from the trial of this case.

1

II.     SUMMARY OF RELEVANT FACTS AND ANTICIPATED EVIDENCE

Plaintiff Ruth Briggs is a former employee of Defendant Temple University who ultimately resigned in April 2014 after her repeated behavioral problems and performance deficiencies.   Refusing to accept responsibility for her poor performance, Ms. Briggs filed a Complaint against Temple University on January 20, 2016, alleging that Temple discriminated against her because of her age and her sex, subjected her to harassment, and retaliated against her for complaining of age and sex discrimination in her workplace.   (*See* Compl., *generally*) Distilled to their essence, Ms. Briggs's allegations are based on nothing more than her disagreement with Temple's decisions about her employment.   Temple University denies Ms. Briggs's allegations.

In connection with this case, the parties engaged in discovery and took the depositions of numerous witnesses.   During Ms. Briggs's deposition, she testified that Gregory Wacker[1] "asked [her] to do things that were, [she] felt, morally objectionable, if not illegal."   (Briggs Dep. 75:7-8.)   When asked to clarify, Ms. Briggs explained that in 2004 or 2005, there was an employee named Tanya Hunnewell who was on intermittent FMLA leave who Mr. Wacker believed was "faking it," so he allegedly asked Ms. Briggs to "find something" on Ms. Hunnewell "to get rid of her" and to call Ms. Hunnewell's doctor's office to find out if she was really sick when she had called out.   (Briggs Dep. 75:9-22, 76:9-17, 88:23-89:4.)   Ms. Briggs also testified that sometime in 2004, Mr. Wacker "coached" her to lie before she met with an attorney to give a statement in connection with Ms. Hunnewell's discrimination lawsuit against Temple University. (Briggs Dep. 76:2-8, 412:4-413:6.)   Notwithstanding Mr. Wacker's alleged directives, Ms. Briggs decided not to comply.   (Briggs Dep. 89:24-90:6.)

---

[1] Mr. Wacker was senior to Ms. Briggs (Briggs Dep. 89:10-12) but was not her direct supervisor (Wacker Dep. 10:4-7.)

These supposed incidents took place six (6) to seven (7) years before Ms. Briggs was allegedly harassed and discriminated against (*See* Compl. at ¶ 23), and nine (9) to ten (10) years before Temple University allegedly retaliated against her in April 2014.  (*See* Compl. at ¶¶ 63-68.)   Not only did these alleged incidents take place *many years before* the time period in question, Ms. Briggs does not contend that they form the basis of any of her claims of discrimination, harassment, or retaliation.  (*See* Compl., *generally*.)

Temple University anticipates that notwithstanding the irrelevance of these matters, Ms. Briggs will offer or elicit testimony or other evidence regarding (1) Ms. Hunnewell, (2) Ms. Hunnewell's lawsuit against Temple University, and (3) the "morally objectionable, if not illegal" things that Mr. Wacker supposedly asked Ms. Briggs to do in connection with Ms. Hunnewell's leave of absence from, and her lawsuit against, Temple University.   Temple University, therefore, submits this Motion *in limine* to exclude such evidence from the trial of this case.

## III.    ARGUMENT

The anticipated evidence regarding the "morally objectionable, if not illegal" things that Mr. Wacker supposedly asked Ms. Briggs to do in connection Ms. Hunnewell's leave of absence and prior lawsuit against Temple University should be excluded from the trial of this case because (1) it is irrelevant to the claims and defenses, and (2) even if it were relevant (which it is not), it should nonetheless be excluded because any probative value it might have is substantially outweighed by its unfair prejudice to Temple University, and such evidence would only confuse the issues, mislead the jury, and cause an undue waste of time.

**A.      Evidence of Ms. Hunnewell and her Prior Lawsuit Against Temple University Are Inadmissible Under Fed. R. Evid. 402 Because Such Evidence Is Irrelevant**

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Evidence is relevant if it (1) "has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence is admissible unless the Rules of Evidence or other controlling constitutional provisions, statutes, or rules provide otherwise.  *See* Fed. R. Evid. 402.

Mr. Wacker's alleged instructions to "find something" on Ms. Hunnewell "to get rid of her" and to call Ms. Hunnewell's doctor's office to find out if she was really sick when she had called out, all of which allegedly took place in 2004 or 2005 in connection with Ms. Hunnewell's intermittent leave and discrimination lawsuit against Temple University, will not help the jury decide whether Ms. Briggs was subjected to discrimination based upon her age or gender, or whether she was harassed or retaliated against.  Importantly, Ms. Briggs testified that she did not follow Mr. Wacker's instructions (Briggs Dep. 89:24-90:6), and there is no suggestion that this resulted in *any* unfavorable treatment to Ms. Briggs.

Because any testimony or evidence regarding the "morally objectionable, if not illegal" things that Mr. Wacker supposedly asked Ms. Briggs to do in connection Ms. Hunnewell's leave of absence and prior lawsuit against Temple University does not make any determinative fact more or less probable, this Court should find that it is not relevant and should be excluded from the trial of this case.

4

**B.**      **Evidence of Ms. Hunnewell and her Prior Lawsuit Against Temple University, If Introduced, Would Unfairly Prejudice Temple University, Confuse The Issues At Trial, And Cause An Undue Waste Of Time On Unrelated Issues**

If this Court finds that the testimony and evidence regarding the instructions Mr. Wacker supposedly gave to Ms. Briggs in connection Ms. Hunnewell's leave of absence and prior lawsuit against Temple University is sufficiently relevant to be presented to the jury (which it should not), this Court should nonetheless preclude Ms. Briggs from offering or eliciting such evidence at trial pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence.

In making a Rule 403 determination, the Court must balance the genuine need for the challenged evidence against the risk that the information will delay the trial, cause unfair prejudice, or confuse the jury. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Even if Ms. Briggs can identify the probative value of the anticipated testimony and evidence (which she cannot), the balance required by Rule 403 tips in favor of exclusion because of the risk of delay, unfair prejudice, and confusion.  If this evidence is admitted, then Temple University would be required to delve into the nature and extent of Ms. Hunnewell's FMLA leave, her lawsuit against Temple University, Mr. Wacker's supposed instructions to Ms. Briggs, and then explain to the jury why such evidence has no relation to Ms. Briggs's claims.  There is significant risk that delving into this topic would unduly prejudice the jury against Mr. Wacker and Temple University because of the nature of Ms. Briggs's allegations against Mr. Wacker. The presentation of this testimony and evidence to the jury will cause a delay in the trial, and it will needlessly confuse the jury about the determinative issues in this matter.  Moreover, this

evidence is the exact type of evidence that Rule 404(b) is designed to exclude.  *See* Fed. R. Evid.

404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character

in order to show that on a particular occasion the person acted in accordance with the

character."); *see also Becker v. ARCO Chemical Co.*, 207 F.3d 176 (3d Cir. 1998) (reversing the

district court, and holding that evidence purporting to show that the employee was asked by his

manager to corroborate a fabricated performance deficiency of a co-employee was not

admissible in the employee's ADEA action to establish discriminatory intent).

To avoid prejudice, delay, and confusion, Temple University respectfully requests that

the Court preclude Ms. Briggs from offering or eliciting any testimony or evidence regarding

Ms. Hunnewell, the instructions Mr. Wacker supposedly gave to Ms. Briggs in connection Ms.

Hunnewell's FMLA leave and prior lawsuit against Temple University, and the "coaching" Mr.

Wacker allegedly engaged in with Ms. Briggs relative to Ms. Hunnewell's lawsuit.

## IV.   CONCLUSION

Temple University respectfully requests that this Court enter an Order, in the form

attached hereto, precluding Ms. Briggs from introducing or eliciting any testimony or other

evidence regarding Ms. Hunnewell, the instructions Mr. Wacker supposedly gave to Ms. Briggs

in connection Ms. Hunnewell's FMLA leave and prior lawsuit against Temple University, or the

"coaching" Mr. Wacker allegedly engaged in with Mr. Briggs relative to Ms. Hunnewell's

lawsuit.

Respectfully submitted,


*/s/ Richard R. Harris*
Richard R. Harris (PA #84897)
Rachel Fendell Satinsky (PA #308751)
Jonathan L. Shaw (PA #316882)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (telephone)
267.402.3131 (facsimile)
rharris@littler.com
rsatinsky@littler.com
jlshaw@littler.com

Attorneys for Defendant
Temple University

Date: July 10, 2018

## CERTIFICATE OF SERVICE

I, Richard R. Harris, hereby certify that, on this 10th day of July, 2018, the foregoing Motion *in Limine*, Memorandum of Law, and Proposed Order were filed using the Eastern District of Pennsylvania's ECF system, through which these documents are available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ *Richard R. Harris*
Richard R. Harris