THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS<br><br>Plaintiff,<br>v.<br><br><br><br>TEMPLE UNIVERSITY<br><br>Defendant. | Civil Action No. 16-0248 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING AN <u>ALLEGED EXTRAMARITAL AFFAIR</u>**

**I.     INTRODUCTION**

Ruth Briggs claims that Temple University discriminated against her because of her age and gender, harassed her, and retaliated against her. Temple vigorously denies Ms. Briggs's claims. Temple anticipates that Ms. Briggs will attempt to introduce testimony and evidence about an alleged extramarital affair involving Ms. Briggs's former supervisor, Dr. Jie Wu, and another individual. Dr. Wu's alleged affair simply has no relation to Ms. Briggs's claims against Temple, and this Court should find that it is inadmissible.

**II.    ANTICIPATED TESTIMONY AND EVIDENCE**

Dr. Wu supervised Ms. Briggs from 2009 to April 2014. (Deposition of Ruth V. Briggs ("Briggs Dep."), attached hereto as Exhibit A, 130:22-131:2, 134:19-135:1; 136:4-10, 139:17-23; 325:24-326:9.) During her deposition, Ms. Briggs testified that she believed Dr. Wu had an extramarital affair with a visiting scholar in 2012. (Briggs Dep.

592:15-594:22.)

### III.   LEGAL ARGUMENT

   **A.   Dr. Wu's Alleged Affair Does Not Make the Determinative Facts in this Case More or Less Probable**

Only "relevant" evidence is admissible at trial. Fed. R. Ev. 401. Relevant evidence is any evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *Id.*

Dr. Wu's alleged affair will not help the jury decide whether Ms. Briggs was subjected to discrimination, harassment, or retaliation. Importantly, there is no suggestion that Dr. Wu's alleged affair resulted in *any* unfavorable treatment to Ms. Briggs. Indeed, Ms. Briggs herself testified that she "did not see what the relevance" of Dr. Wu's affair would be to her claims. (Briggs Tr. 592:19-22.) Because any testimony or evidence regarding Dr. Wu's alleged affair does not make any determinative fact more or less probable, this Court should find that it is not relevant.

   **B.   The Risk of Risk of Delay, Unfair Prejudice, and Confusion Created by Testimony Concerning this Alleged Affair Outweigh its Minimal Probative Value**

If this Court finds that the testimony and evidence regarding this relationship is sufficiently relevant to be presented to the jury, the Court should nonetheless preclude such testimony pursuant to Federal Rule of Evidence 403. In making a Rule 403 determination, the Court must balance the genuine need for the challenged evidence against the risk that the information will delay the trial, cause unfair prejudice, or confuse the jury. *Mascarini v. Quality Employment Servs. & Training*, 1:10-CV-1546, 2013 WL 595923, at *2 (M.D. Pa. Feb. 14, 2013) (Conner, J.) (granting motion in *limine* excluding

evidence of alleged relationships between plaintiff's co-workers.)

Even if Ms. Briggs can identify the probative value of Dr. Wu's alleged affair (which she cannot), the balance required by Rule 403 tips in favor of exclusion because of the risk of delay, unfair prejudice, and confusion. If this evidence is admitted, then Temple would be required to delve into the nature of Dr. Wu's alleged relationships and explain to the jury why such relationship has no relation to Ms. Briggs's claims. There is significant risk that delving into this topic would unduly prejudice the jury against Dr. Wu and Temple because of the nature of Ms. Briggs's unfounded allegations against Dr. Wu in this litigation. Responding to this testimony and providing responsive evidence to the jury will cause a delay in the trial, and it will needlessly confuse the jury about the determinative issues in this matter. To avoid such prejudice, delay, and confusion, Temple respectfully requests that the Court preclude any testimony or evidence relating to Dr. Wu's alleged affair.

### IV. CONCLUSION

Based on the foregoing, Temple respectfully requests that the Court enter an Order precluding Ms. Briggs from introducing testimony and evidence about Dr. Wu's alleged extramarital affair.

> */s/ Richard R. Harris*
> Richard R. Harris
> Rachel Fendell Satinsky
> Jonathan Shaw
> **LITTLER MENDELSON, P.C.**
> Three Parkway
> 1601 Cherry Street, Suite 1400
> Philadelphia, PA 19102.1321
> 267.402.3000 – telephone
> 267.402.3131 – facsimile
> *Attorneys for Defendant Temple University*