IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH V. BRIGGS, | : | |
| | : | |
| Plaintiff, | : | Case No. 16-0248 |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S PROPOSED VOIR DIRE**

Defendant Temple University respectfully requests that the Court use the following *voir dire* during the jury selection process:

**I.     INTRODUCTION OF CASE TO JURY PANEL**

This case involves two parties – the Plaintiff, Ruth Briggs, and the Defendant, Temple University.  Ms. Briggs is a former employee of Temple University.  Ms. Briggs has brought claims against Temple University for age and gender discrimination, harassment, and retaliation.

Ms. Briggs is represented by Steve Console and Rahul Munshi of Console Mattiacci Law, LLC.  Temple University is represented by Richard R. Harris and Rachel Fendell Satinsky of Littler Mendelson, P.C.

This is the stage of the trial where the jurors are selected to hear the case.  I will be asking certain questions so that I can learn a little about you.  Some of these questions may seem to pry.  I apologize for that, but it is extremely important for the attorneys and me to know if there is anything that would cause you unintentionally to be unfair to either side.

Now, I have these questions for you.

**II.     SPECIFIC VOIR DIRE**

1. Do you know any facts about this case other than what the Judge has told you?

2. Have you had any education, training, or work experience in any of the following:

    (a)     Human resources or Employee relations?

    (b)     Law?

    (c)     Psychology/counseling?

    (d)     Work as an administrative assistant or secretary?

    If so, what is your experience or training?

3. Have you or anyone close to you ever made a complaint about your treatment at work, either internally or with the government?

4. Have any of you or your spouse, close family member or friend ever felt that you/they were treated unfairly at work?

    (a)     When?

    (b)     What happened?

    (c)     Did you/they complain?

    (d)     Were you/they satisfied with the response to your/their complaint?

    (e)     Would you tend to believe allegations of unfair treatment if raised by an employee against his/her employer or former employer?

5. Have any of you or a spouse, close family member or friend ever felt that you/they were the victim of discrimination in the workplace?

    (a)     When?

    (b)     What happened?

    (c)     Did you/they complain?

    (d)     Were you/they satisfied with the response to your/their complaint?

    (e)     Given this experience, would you tend to believe allegations of discrimination in the workplace?

6. Have any of you or your spouse, close family member or friend ever felt that you/they were being retaliated against in the workplace?

    (a) When?

    (b) What happened?

    (c) Did you/they complain?

    (d) Were you/they satisfied with the response to your/their complaint?

    (e) Would you tend to believe allegations of retaliation in the workplace?

7. Have any of you or your spouse, close family member or friend ever worked somewhere that you considered a hostile workplace?

    (a) When?

    (b) Where?

    (c) What happened?

    (d) Did you/they feel the hostility was based on age, gender, or race?

    (e) Did you/they complain?

    (f) Were you/they satisfied with the response to your/their complaint?

    (g) Based on this personal experience would you tend to believe allegations of a hostile work environment against an employer?

8. Have any of you or your spouse, close family member or friend ever lost a job?

9. Have any of you ever observed what you believed was discrimination in your workplace?

    (a) When?

    (b) Where?

    (c) What was involved?

    (d) Who engaged in the discrimination?

    (e) Did you/they take any action?

    (f) Would you tend to believe an employee who raises allegations of discrimination?

10. Have you or your spouse, close family member or friend ever felt you were pushed out of a job or replaced by a younger employee?

    (a) When?

    (b) Where?

    (c) What was involved?

    (d) Would you tend to believe similar allegations if raised in a lawsuit against an employer?

11. Have any of you ever had a dispute with a supervisor?

    (a) When?

    (b) What was involved?

    (c) Was it resolved? If so, how was it resolved?

    (d) In this case, plaintiff was in disputes with her employer. Would you tend to favor the plaintiff based on your similar experience?

12. Have you, or anyone close to you, ever been put on disciplinary probation by an employer

    (a) Who? When?

    (b) Was the probation justified? Why/why not?

    (c) Was the probation successfully completed?

13. Do any of you believe that employers, managers, or supervisors generally discriminate against their employees based upon their sex? If so, why do you feel this way?

14. Do any of you believe that employers, managers, or supervisors generally discriminate against their employees based upon their age? If so, why do you feel this way?

15. Would you tend to believe allegations of gender discrimination against a supervisor from China?

16. Would you tend to believe allegations of age discrimination against a supervisor from China?

17. Do you consider yourself an activist, whether through your work, writing, groups, or other activities, for any issues that are important to you? If so, what issues?

18. Do any of you believe that an employer should not be permitted to end the employment of an employee for poor performance? If so, why do you feel this way?

4

19. Will you have any difficulty refraining from discussing this case with anyone until it is submitted to you for decision, and then only discuss the case with the jurors in the jury room?

20. Will you have any difficulty keeping an open mind until you have heard all of the evidence and all of the argument of both counsel, and the court has given you all the instructions?

21. Each attorney has the right to excuse prospective jurors without giving a reason. Would you dislike the attorney or the party he or she represents if he or she excused a prospective juror without giving a reason?

22. What newspapers and magazines do you read regularly?

23. What was the last book you read?

24. If you watch television, what shows do you watch regularly?

25. Do you have any bumper stickers on your car? If so, what do they say or depict?

26. If you belong to any civic, social, fraternal, or professional organizations, please state which ones.

27. Under our system of justice, a very important principle is that large organizations like Temple University are to be treated no better and no worse than individuals. If you have a problem accepting that, then you owe it to everyone in the courtroom to say so now. Does anyone have any problem accepting that?

28. Have you ever testified in any court proceeding?

    (a) When?

    (b) Explain the circumstances.

29. Just because Temple University was sued does not mean that it did anything wrong. If the evidence is such that Ms. Briggs does not prove her case, would you have any difficulty returning a verdict for Temple University with no compensation to Ms. Briggs?

30. Would your verdict in this case be influenced in any way by factors other than the evidence in the courtroom, such as friendships, political affiliation, personal philosophies, family relationships or the type of work you do or any other factor other than the facts and the law?

31. Ms. Briggs is not entitled to any money simply because she filed suit against Temple University. Will you have any difficulty accepting this principle?

32. Do you think you might have a tendency to favor the employee in a lawsuit? If so, why do you feel this way?

33. Have any of you ever had a negative experience with Temple University?

    (a) Explain the circumstances.

    (b) When?

    (c) Who else was involved?

34. Do any of you have a close relative or friend who has ever had a negative experience with Temple University?

    (a) Who?

    (b) What relation does the person have to you?

    (c) Explain the circumstances.

    (d) When?

    (e) Who else was involved?

35. Do any of you work for, or have any of you ever worked for, Temple University?

    (a) When?

    (b) For how long?

    (c) In what capacity?

    (d) Was your experience positive or negative? Explain.

    (e) For what reason did you leave the employ of Temple University?

36. Do any of you have a close relative or friend who works for, or who previously worked for, Temple University?

    (a) Who?

    (b) What relation does the person have to you?

    (c) In what capacity?

    (d) For how long?

    (e) Was this person's experience positive or negative? Explain.

6

  (f)  For what reason did this person leave the employ of Temple University?

37. Have you ever been a student at Temple University?

  (a)  Explain the circumstances.

  (b)  Was your experience positive or negative?  Explain.

38. Do any of you have a close relative or friend who is currently, or who was previously, a student at Temple University?

  (a)  Who?

  (b)  What relation does the person have to you?

  (c)  Explain the circumstances.

  (d)  Was this person's experience positive or negative?  Explain.

39. Have you ever heard anything unfavorable about Temple University?

40. Do you have any negative opinions about Temple University?  If so, what is your opinion?

41. Do you, or a close relative or friend, currently work, or have in the past worked, in higher education?

  (a)  Who?

  (b)  What relation does this person have to you?

  (c)  Where did you/they work?

  (d)  In what capacity did you/they work in higher education?

  (e)  For how long?

  (f)  For what reason did you/they leave that job?

42. Do you know the plaintiff, Ruth Briggs?

43. Do you know any of the attorneys in this case (Steve Console, Laura Mattiacci, Rahul Munshi, Richard Harris and Rachel Fendell Satinsky)?

44. Do you know anyone who works at Littler Mendelson, P.C. or Console Mattiacci Law, LLC?

45. Have you ever heard of the law firm Console Mattiacci Law, LLC?  In what context?

46. A number of people may testify in this case. Do you know any of these individuals?

    (a) Dr. Jie Wu

    (b) Andrew DiMeo

    (c) Gregory Wacker

    (d) Sandra ("Sandy") Foehl

    (e) Deirdre Walton

47. Is there any reason the subject matter in this case would make it difficult for you to render a fair and impartial verdict?

48. Have you ever been a party to a lawsuit?

    (a) Plaintiff or Defendant?

    (b) What type of case?

    (c) Which Court?

49. Have you ever served as a juror before in any state or federal court?

    (a) When?

    (b) Where?

    (c) Civil or criminal?

    (d) What was the outcome?

    (e) What did you think of the jury system as you experienced it?

50. Have you ever been involved in any way in an employment discrimination case?

    (a) When?

    (b) How were you involved?

    (c) Which Court?

51. This trial is expected to last approximately 3-4 days. Is there anyone who would face a significant hardship by serving as a juror on this case?

52. Does anyone have any difficulty hearing, seeing or paying close attention to detail for a long time?

53. Does anyone have any other physical or mental condition that would make it difficult for you to pay attention to the evidence?

54. Is there anything else that any of you believe might make it difficult for you to be fair and impartial, whether I have covered the subject or not?

                Respectfully submitted,

                */s/ Richard R. Harris*
                Richard R. Harris (PA #84897)
                Rachel Fendell Satinsky (PA #308751)
                Jonathan L. Shaw (PA #316882)
                **LITTLER MENDELSON, P.C.**
                Three Parkway
                1601 Cherry Street, Suite 1400
                Philadelphia, PA  19102.1321
                267.402.3000 (telephone)
                267.402.3131 (facsimile)
                rharris@littler.com
                rsatinsky@littler.com
                jlshaw@littler.com

                Attorneys for Defendant
                Temple University

Date: July 10, 2018

## **CERTIFICATE OF SERVICE**

I, Rachel Fendell Satinsky, hereby certify that, on this 10th day of July, 2018, the foregoing document was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Rachel Fendell Satinsky*
Rachel Fendell Satinsky