IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS,     Plaintiff, <br><br> v. <br><br> TEMPLE UNIVERSITY,     Defendant. | CIVIL ACTION NO. 16-00248 |

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff Ruth V. Briggs submits the following *voir dire* questions to be posed to the potential jurors in this case. Plaintiff respectfully reserves the right to make changes to and supplement *voir dire* based upon either developments during pre-trial or any errors and/or omissions in the submissions.

Respectfully submitted,

CONSOLE MATTIACCI LAW, LLC

Laura C. Mattiacci, Esq.
Rahul Munshi, Esq.
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676 (t)
(215) 814-8920 (f)
mattiacci@consolelaw.com
munshi@consolelaw.com

Attorneys for Plaintiff, Ruth Briggs

Dated: July 10, 2018

## PLAINTIFF'S PROPOSED VOIR DIRE

### I. HARDSHIP

1.    a.    This trial is expected to last for **one week.** Is there anything about the length or scheduling of the trial that would interfere with your ability to serve?

       b.    Do you have any medical, personal or financial problem that would prevent you from serving on this jury?

       c.    Do any of you have a special need or require a reasonable accommodation to help you in listening, paying attention, reading printed materials, deliberating, or otherwise participating as a fair juror? The court will provide reasonable accommodations to your special needs but I will only be aware of any such needs if you let me know about them. My only purpose in asking you these circumstances relates to your ability to serve as a juror. If you have any such request, please raise your hand and I will speak to you at sidebar.

### II. PEOPLE

2.    *Introduce the lawyers and the parties.* Do any of you know either/any of the lawyers?

**Laura C. Mattiacci and Rahul Munshi of Console Mattiacci Law LLC with offices in Moorestown, NJ and Philadelphia.**

**Richard Harris, Rachel Satinsky, and Jonathan Shaw of Littler Mendelson P.C.**

Have any of these attorneys or anyone in their offices ever represented you or brought any action against you?

Do you know **the Plaintiff, Ruth V. Briggs?**

3.    Do you know any of these potential witnesses who may appear during the course of this trial?

      1)      Read Witness Lists

          **Ruth V. Briggs**
          **Dr. Jie Wu**
          **Greg Wacker**
          **Andrew DiMeo**
          **Fay Trachtenberg, Esq.**
          **Cameron Etezady, Esq.**
          **Sandra Foehl**
          **Deirdre Walton**
          **Rhonda Brown**
          **Judy Lennon**
          **Hailey King**
          **Justin Shi**
          **Eugene Kwatney**
          **Sharon Boyle**
          **Dr. Dori Middleman**

4. Do you have any belief or feeling towards any of the parties, their attorneys or the witnesses that might be regarded as a bias or prejudice for or against any of them?

5. Have you, or any family member or close friend, ever worked for Temple?

6. Is anyone here a student of, or have done business with, Temple?

7. Some people have negative feelings about people that bring lawsuits when they are fired or not hired someplace. They believe the employee should just move on and get another job; do you share this belief in any way?

## II.    GENERAL INFO

8. I have already briefly described the case. Do you know anything about this case from any source other than what I've just told you?

9. Please raise your hand if you have heard of the concept that it is illegal for an employer to discriminate against an employee due to their age?

10. Please raise your hand if you have heard of the concept that it is illegal for an employer to discriminate against an employee due to their sex?

11. Some folks disagree with the discrimination laws and believe that they are unfair to businesses, please raise your hand if you lean toward this belief.

12. Some folks agree that there should be discrimination laws in place to protect employees from being treated unfairly because of, for example, their age or sex. Please raise your hand if you lean toward this belief.

13. Please raise your hand if you did not raise it in response to either of the last two questions.

14. Have you, or any family member or close friend, ever worked in human resources or personnel administration?

15. Have you or any member of your family ever owned, operated or managed a business that had employees?

16. In your job, are you now, or have you in the past, been required to manage or supervise other employees?

17. Have you ever had to evaluate an employee's job performance?

18. Have you ever had to terminate an employee or recommend that an employee be terminated?

19. Have you or anyone close to you ever been accused of engaging in unlawful discrimination? That is, have you ever been accused of sexual, age, racial, religious, national origin or disability discrimination or retaliation by someone else?

20. Has anyone ever filed a claim or a lawsuit against you or a member of your family or a close friend?

21. In cases like this, jurors hear about emotional pain and suffering and are asked how much money to allow for it. This means money for the fact that someone is having – and will in the future have - emotional pain. Some folks have some philosophical, moral or other reasons for not allowing money for emotional pain – and others are ok with it. Which are you a little closer to (or raise hand if you lean toward this view)?

22. In a case like this, a plaintiff does not need to prove his claim "beyond a reasonable doubt." Rather, the standard is "a preponderance of the evidence," meaning, in other words, "more likely than not." Some people believe that having to prove "more likely than not" (i.e., 51%) is too easy and that the person suing should have to prove more. Which do you lean more towards (or raise hand if you lean toward this view, that 51% is unfair)?

23. Have you ever served on a trial jury before today, here in Pennsylvania or in any state court or federal court?

24. Do you know anyone else in the jury box other than as a result of reporting here today?

25. Would your verdict in this case be influenced in any way by any factors other than the evidence in the courtroom such as religious belief, philosophical beliefs, friendships or family relationships or the type of work you do?

26. Have you ever been a witness in a civil matter, regardless of whether it went to trial?

27. Is there anything, whether or not covered in the previous questions, which would affect your ability to be a fair and impartial juror or in any way be a problem for you in serving on this jury?

28. Is there anything else that you feel is important for the parties in this case to know about you?

**CERTIFICATE OF SERVICE**

I, Laura C. Mattiacci, Esquire, hereby certify that Plaintiff's Proposed Voir Dire has been filed electronically and is available for viewing and downloading from the ECF system on this 10th day of July, 2018. Attorneys for Defendant (Richard R. Harris and Rachel F. Satinsky, Littler Mendelson, P.C.) are registered users of the Court's ECF System.

BY:   /s/Laura C. Mattiacci

Laura C. Mattiacci, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Ruth V. Briggs