## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RUTH BRIGGS, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 16-cv-0248 |
| | : | |
| TEMPLE UNIVERSITY | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

AND NOW, this _____ day of July 2018, upon consideration of Plaintiff Ruth Briggs's Motion *in Limine* to Preclude Defendant From Offering Evidence of Plaintiff's Private Facebook Messages at Trial, and any response thereto, it is **ORDERED** that Plaintiff's Motion is **GRANTED**.

BY THE COURT:

_____
ROBERT F. KELLY
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUTH BRIGGS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | **16-cv-0248** |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## PLAINTIFF RUTH BRIGGS'S MOTION *IN LIMINE* TO
## PRECLUDE DEFENDANT TEMPLE UNIVERSITY FROM OFFERING
## EVIDENCE OF PLAINTIFF'S PRIVATE FACEBOOK MESSAGES AT TRIAL

---

CONSOLE MATTIACCI LAW, LLC

Laura C. Mattiacci, Esq.
Rahul Munshi, Esq.
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676 (t)
(215) 814-8920 (f)
mattiacci@consolelaw.com
munshi@consolelaw.com

Attorneys for Plaintiff, Ruth Briggs

Dated: July 10, 2018

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **RUTH BRIGGS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION NO.** |
| v. | : | **16-cv-0248** |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| | : | |
| Defendant. | : | |
| | : | |

### PLAINTIFF RUTH BRIGGS'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT TEMPLE UNIVERSITY FROM OFFERING <u>EVIDENCE OF PLAINTIFF'S PRIVATE FACEBOOK MESSAGES AT TRIAL</u>

For the reasons set forth in the accompanying Memorandum of Law in Support of Plaintiff Ruth Briggs's Motion *in Limine* to Preclude Defendant Temple University From Offering Evidence of Plaintiff's Private Facebook Messages at Trial, Plaintiff respectfully requests that this Court enter an Order granting Plaintiff's Motion. Defendant should be prohibited from offering at trial evidence of Plaintiff's private and personal communications as they are irrelevant to this matter, unduly prejudicial to Plaintiff, and constitute impermissible character evidence.

Respectfully submitted,

CONSOLE MATTIACCI LAW, LLC

Laura C. Mattiacci, Esq.
Rahul Munshi, Esq.
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676 (t)
(215) 814-8920 (f)
Attorneys for Plaintiff, Ruth Briggs

Dated: July 10, 2018

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH BRIGGS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | **16-cv-0248** |
| | : | |
| TEMPLE UNIVERSITY | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**PLAINTIFF RUTH BRIGGS' MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION *IN LIMINE* TO PRECLUDE DEFENDANT TEMPLE UNIVERSITY FROM
OFFERING EVIDENCE OF HER PRIVATE FACEBOOK MESSAGES AT TRIAL**

## I.      INTRODUCTION AND FACTUAL SUMMARY

Plaintiff Ruth Briggs brings this employment discrimination and retaliation action against

her former employer, Defendant Temple University.  Ms. Briggs was discriminated against

because of her age in violation of the Age Discrimination in Employment Act, as amended, 29

U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S.

§951, *et seq.* ("PHRA"), and because of her sex in violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the PHRA.  Ms. Briggs was further

subjected to a hostile work environment and retaliated against by Defendant for complaining of

age and sex discrimination in the workplace.

Defendant terminated Ms. Briggs's employment on April 1, 2014 after she served the

University for over thirteen (13) years and on the heels of her numerous complaints regarding

unlawful treatment by her supervisor, Dr. Jie Wu.  Ms. Briggs began reporting to Dr. Wu in or

around October 2009.  On various occasions, during her employment with Defendant and

thereafter, Ms. Briggs would communicate with her then-current and former colleagues of

Defendant via Facebook's private online messaging system.  These communications were **not** posted in any public online space, and the **only** people who had knowledge of them were the two people communicating internally through the program.  Ms. Briggs produced copies of these communications during discovery in this matter as they were responsive to Defendant's discovery requests, i.e., documents bates-stamped BRIGGS 383-511.  However, Ms. Briggs now moves this Court to preclude Defendant from introducing these private Facebook communications at trial as they are irrelevant to this action, their introduction would be unduly prejudicial to Ms. Briggs, and the documents constitute impermissible character evidence.

II.   **LEGAL STANDARD**

Courts have inherent power to grant Motions *in Limine* to "manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1994).  A Motion *in Limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.* at 40 n.2; *see also Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) ("[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.").  "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, No. 09-3013, 2010 U.S. App. LEXIS 13827, *8 (3d Cir. July 7, 2010) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).  Accordingly, evidence which is improper and inadmissible under the Federal Rules of Evidence is ripe for exclusion upon a Motion *in Limine*.

III.   **ARGUMENT**

At the outset, none of Ms. Briggs's communications via Facebook have any relevance to the matter at hand – did Defendant Temple University retaliate against Ms. Briggs, discriminate

against her, and/or subject her to a hostile work environment?  None of Ms. Briggs's Facebook communications are with any decision-maker in this action, or any employee of Defendant who played any role in the decision to terminate Ms. Briggs's employment, or any individual who harassed or retaliated against her.  Ms. Briggs's private communications via Facebook were solely with friends with whom she had personal relationships.  These private communications have no bearing on the questions to be decided by a jury in this matter and therefore should be precluded at trial as irrelevant.

"In determining whether to admit evidence, a court must make the threshold determination that the proffered evidence is relevant." *N. Am. Roofing & Sheet Metal Co., Inc. v. Bldg. & Constr. Trades Council of Phila. and Vicinity*, 2005 U.S. Dist. LEXIS 241, *6 (E.D. Pa. Jan. 10, 2005). Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that "all relevant evidence is admissible." Fed. R. Evid. 402; *see also Forrest v. Beloit Corp.,* 424 F.3d 344, 355 (3d Cir. 2005) (irrelevant evidence is inadmissible).

Here, Ms. Briggs's private communications have **no** tendency to make the existence of any fact of consequence in this matter more or less probable.  Put simply, none of these personal and private communications help to prove or disprove whether Defendant engaged in unlawful treatment of Ms. Briggs.  Further, there is no evidence that any decision-maker in this action, or anyone who played any role in the decision to terminate Ms. Briggs's employment, **even knew about these communications prior to litigation**.  Additionally, many of these communications took place <u>after</u> Ms. Briggs had already been terminated, which supports her argument that these communications have no bearing on this case.  It is axiomatic that none of Ms. Briggs's post-

employment conduct is related to her claims or Defendant's termination decision.

Even if these communications are determined to be relevant, they should be precluded under Rule 403, and they should be precluded as improper character evidence under Rule 404(b). It is anticipated that Defendant will offer these communications in an effort to attack Ms. Brigg's character, as she occasionally communicated with her friends online using profane language. However, introduction of these communications will unduly prejudice Ms. Briggs – as the communications were meant to be private – and will cause confusion to the jury – **as the decision-makers in this action did not even know about their existence before litigation**.

Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit the evidence." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002). In undertaking this balance, "the proper equation places on one side the maximum reasonable probative force for the offered evidence, while the other side of the equation should include the likely prejudicial impact of the evidence." *Id.* at 1344 (quotation omitted). As such, "evidence may be excluded if its probative value is not worth the problems that its admission may cause." *Id.* at 1343; *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 1992) (describing Rule 403 standard). Specifically, "[u]nfair prejudice as used in [Rule 403] means that the evidence is so inflammatory that it will blind the jury to the true, rational facts, and will inflame their passion and prejudices to the degree that they will be swayed by their emotions, rather than by a dispassionate evaluation of the evidence." *Dittrich v. Seeds*, 2005 U.S. Dist. LEXIS 22078, *43 (E.D. Pa. 2005).

Similarly, the Court must exclude evidence of an individual's act that is used to prove that person's character. *See* Fed. R. Evid. 404(b)(1). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* Rule 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988); *see also United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (explaining that Rule 404(b)'s purpose is to prevent the jury from hearing evidence that the litigant "is prone to commit crimes or is otherwise a bad person" (quotations omitted)).

Because the only reason that Defendant would seek to include these communications would be to malign Ms. Briggs, they should be precluded at trial. Allowing Defendant to present this evidence related to Ms. Briggs's private and personal communications to non-decision-makers in this action could cause a jury to, improperly, determine that Ms. Briggs was a bad person who deserved to be terminated; or that someone who engaged in these types of communications does not deserve to be compensated for the unlawful conduct to which she was subjected. Defendant's anticipated use of Ms. Briggs's irrelevant and unduly prejudicial private communications to try and showcase her alleged "bad character" clearly should be prohibited at trial under Rule 404(b)(1).

## IV.    CONCLUSION

For the foregoing reasons, Ms. Briggs respectfully requests that this Court grant her Motion and preclude Defendant from introducing evidence regarding her private and personal Facebook Communications at trial.

CONSOLE MATTIACCI LAW, LLC

Laura C. Mattiacci, Esq.
Rahul Munshi, Esq.
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676 (t)
(215) 814-8920 (f)
mattiacci@consolelaw.com
munshi@consolelaw.com

Attorneys for Plaintiff, Ruth Briggs

Dated: July 10, 2018

## CERTIFICATE OF SERVICE

I, Laura C. Mattiacci, Esquire, hereby certify that Plaintiff's Motion *In Limine* To Preclude Defendant Temple University From Offering Evidence Of Her Private Facebook Messages At Trial has been filed electronically and is available for viewing and downloading from the ECF system on this 10th day of July, 2018. Attorneys for Defendant (Richard R. Harris and Rachel F. Satinsky, Littler Mendelson, P.C.) are registered users of the Court's ECF System.

BY:   /s/Laura C. Mattiacci

       Laura C. Mattiacci, Esquire
       1525 Locust Street, 9th Floor
       Philadelphia, PA 19102
       (215) 545-7676

       Attorney for Plaintiff,
       Ruth V. Briggs