# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS, Plaintiff, | |
| v. | CIVIL ACTION NO. 16-00248 |
| TEMPLE UNIVERSITY, Defendant. | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Ruth V. Briggs submits the following points for charge as to Liability and Damages. Ms. Briggs reserves the right to make changes to and supplement these instructions based upon either developments at trial or any errors and/or omissions in the submissions.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

Date: July 10, 2018        BY:    /s/Laura C. Mattiacci
Laura C. Mattiacci, Esquire
Rahul Munshi, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2854

Attorney for Plaintiff,
Ruth V. Briggs

## 5.0 Title VII Introductory Instruction

**Model**

In this case the Plaintiff Ruth V. Briggs makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee [prospective employee] in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Ruth V. Briggs claims that she was subjected to a hostile work environment and terminated by the defendant Temple University because of Ms. Briggs's age, sex and/or complaints of discrimination.

Temple denies that Ms. Briggs was discriminated against in any way. Further, Temple asserts that [describe any affirmative defenses].

I will now instruct you more fully on the issues you must address in this case.

### 5.1.1   Elements of a Title VII Claim— Disparate Treatment — Mixed-Motive

**Model**

In this case Ms. Briggs is alleging that Temple discriminated against her because of her age and sex, subjected her to a hostile work environment, and retaliated against her for complaining of age and sex discrimination and retaliation in the workplace. In order for Ms. Briggs to recover on this discrimination claim against Temple, Ms. Briggs must prove that Temple intentionally discriminated against Ms. Briggs. This means that Ms. Briggs must prove that her age, sex and/or complaints of discrimination were a motivating factor in Temple's decision to terminate Ms. Briggs.

To prevail on this claim, Ms. Briggs must prove both of the following by a preponderance of the evidence:

First: Temple terminated Ms. Briggs; and

Second: Ms. Briggs's age, sex and/or complaints of discrimination were a motivating factor in Temple's decision.

Although Ms. Briggs must prove that Temple acted with the intent to discriminate, Ms. Briggs is not required to prove that Temple acted with the particular intent to violate Ms. Briggs's federal civil rights.

In showing that Ms. Briggs's age, sex and/or complaints of discrimination were a motivating factor for Temple's action, Ms. Briggs is not required to prove that her age, sex and/or complaints of discrimination were the sole motivation or even the primary motivation for Temple's decision. Ms. Briggs need only prove that age, sex and/or complaints of discrimination played a motivating part in Temple's decision even though other factors may also have motivated Temple.

As used in this instruction, Ms. Briggs's age, sex and/or complaints of discrimination were a "motivating factor" if her age, sex and/or complaints of discrimination played a part [or played a role] in Temple's decision to terminate Ms. Briggs.

### 5.1.2   Elements of a Title VII Claim – Disparate Treatment — Pretext

**Model**

In this case Ms. Briggs is alleging that Temple discriminated against her because of her age and/or sex and/or subjected her to a hostile work environment and retaliation for complaining of age and/or sex discrimination in the workplace. In order for Ms. Briggs to recover on this discrimination claim against Temple, Ms. Briggs must prove that Temple intentionally discriminated against Ms. Briggs. This means that Ms. Briggs must prove that her age, sex and/or complaints of discrimination was a determinative factor in Temple's decision to terminate Ms. Briggs.

To prevail on this claim, Ms. Briggs must prove both of the following by a preponderance of the evidence:

First: Temple terminated Ms. Briggs; and

Second: Ms. Briggs's age, sex and/or complaints of discrimination was a determinative factor in Temple's decision.

Although Ms. Briggs must prove that Temple acted with the intent to discriminate, Ms. Briggs is not required to prove that Temple acted with the particular intent to violate Ms. Briggs's federal civil rights. Moreover, Ms. Briggs is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

You should weigh all the evidence received in the case in deciding whether Temple intentionally discriminated against Ms. Briggs. [For example, you have been shown statistics in this case. Statistics are one form of evidence that you may consider when deciding whether a defendant intentionally discriminated against a plaintiff. You should evaluate statistical evidence along with all the other evidence.]

Temple has given a nondiscriminatory reason for its [describe defendant's action]. If you believe Temple's stated reason and if you find that the termination would have occurred because of defendant's stated reason regardless of Ms. Briggs's age, sex and/or complaints of discrimination, then you must find for Temple. If you disbelieve Temple's stated reason for its conduct, then you may, but need not, find that Ms. Briggs has proved intentional discrimination. In determining whether Temple's stated reason for its actions was a pretext, or excuse, for discrimination, you may not question Temple's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Temple or believe it is harsh or unreasonable. You are not to consider Temple's wisdom. However, you may consider whether Ms. Briggs has proven that Temple's reason is merely a cover-up for discrimination.

Ultimately, you must decide whether Ms. Briggs has proven that her age, sex and/or complaints of discrimination were a determinative factor in [defendant's employment decision.] "Determinative factor" means that if not for Ms. Brigg's age, sex and/or complaints of discrimination the termination would not have occurred.

### 5.1.4   Elements of a Title VII Action — Harassment — Hostile Work Environment — Tangible Employment Action

**Model**

Ms. Briggs claims that she was subjected to harassment by upper management of Temple and that this harassment was motivated by Ms. Briggs's age, sex and/or complaint of discrimination.

Temple is liable for the actions of its <u>members of upper management</u> in Ms. Briggs's claim of harassment if Ms. Briggs proves all of the following elements by a preponderance of the evidence:

First: Ms. Briggs was subjected to hostile behavior <u>by members of upper management of Temple</u> [describe alleged conduct or conditions giving rise to plaintiff's claim] by [names].

Second: [Names] <u>This</u> conduct was not welcomed by Ms. Briggs.

Third: [Names] <u>The conduct by Temple's upper management</u> was motivated by the fact that Ms. Briggs is <u>an older woman and/or a person who complained of discrimination</u> [membership in a protected class].

Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Briggs's position would find Ms. Briggs's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable [member of plaintiff's protected class] <u>woman, who is older, and/or one who complained about discrimination's</u> reaction to Ms. Briggs's work environment.

Fifth: Ms. Briggs believed her work environment to be hostile or abusive as a result of <u>the members of Temple's upper management</u> [names] conduct.

Sixth: Ms. Briggs suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, <u>a forced resignation</u> or a decision causing significant change in benefits.

### 5.1.7   Elements of a Title VII Claim — Retaliation

**Model**

Ms. Briggs claims that Temple discriminated against her because of age, sex and/or complaints of discrimination.

To prevail on this claim, Ms. Briggs must prove all of the following by a preponderance of the evidence:

First: Ms. Briggs complained of discrimination and/or retaliation because of her age and/or sex [describe activity protected by Title VII].

Second: Ms. Briggs was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: There was a causal connection between the hostile work environment and/or her termination [describe challenged activity] and Ms. Briggs's complaints [describe protected activity].

Concerning the first element, Ms. Briggs need not prove the merits of her termination, but only that she was acting under a reasonable, good faith belief that Ms. Briggs's [or someone else's] right to be free from discrimination on the basis of age, sex and/or complaints of discrimination was violated.

Concerning the second element, the term "materially adverse" means that Ms. Briggs must show [describe alleged retaliatory activity] the termination was serious enough that it well might have discouraged a reasonable worker from complaining of discrimination or retaliation [describe protected activity].  [The activity need not be related to the workplace or to Ms. Briggs's employment.]

Concerning the third element, that of causal connection, that connection may be shown in many ways.  For example, you may or may not find that there is a sufficient connection through timing, that is Temple's action followed shortly after Temple became aware of Ms. Briggs's complaints [describe activity]. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Ms. Briggs or a change in demeanor toward Ms. Briggs.

Ultimately, you must decide whether Ms. Briggs's age, sex and/or complaints of discrimination had a determinative effect on her termination [describe alleged retaliatory activity]. "Determinative effect" means that if not for Ms. Briggs's age, sex and/or complaints of discrimination her termination [describe alleged retaliatory activity] would not have occurred.

### 5.2.1 Title VII Definitions — Hostile or Abusive Work Environment

**Model**

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

- The total physical environment of Ms. Briggs's work area.

- The degree and type of language and insult that filled the environment before and after Ms. Briggs arrived.

- The reasonable expectations of Ms. Briggs upon entering the environment.

- The frequency of the offensive conduct.

- The severity of the conduct.

- The effect of the working environment on Ms. Briggs's mental and emotional well-being.

- Whether the conduct was unwelcome, that is, conduct Ms. Briggs regarded as unwanted or unpleasant.

- Whether the conduct was pervasive.

- Whether the conduct was directed toward Ms. Briggs.

- Whether the conduct was physically threatening or humiliating.

- Whether the conduct was merely a tasteless remark.

- Whether the conduct unreasonably interfered with Ms. Briggs's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Ms. Briggs was harassed because of [plaintiff's membership in a protected class]. The harassing conduct may, but need not be [sexual/racial, etc.] in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's age, sex and complaints of discrimination The key question is whether Ms. Briggs, as a [member of protected class], was subjected to harsh employment conditions to which [those outside the protected class] were not.

It is important to understand that, in determining whether a hostile work environment existed at the Temple you must consider the evidence from the perspective of a reasonable <u>woman, who is older, and complained of discrimination</u> [member of protected class] in the same position. That is, you must determine whether a reasonable [member of protected class] <u>woman, who is older, and complained of discrimination</u> would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable <u>woman who is older, and complained of discrimination</u> [member of protected class]. [The reasonable [member of protected class] is simply one of normal sensitivity and emotional make-up.]

### 5.4.1   Title VII Damages — Compensatory Damages — General Instruction

**Model**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Temple should be held liable.

If you find by a preponderance of the evidence that Temple intentionally discriminated against Ms. Briggs by <u>subjecting her to a hostile work environment and terminating her</u> [describe conduct], then you must consider the issue of compensatory damages. You must award Ms. Briggs an amount that will fairly compensate her for any injury she actually sustained as a result of Temple's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Briggs in the position she would have occupied if the discrimination had not occurred. Ms. Briggs has the burden of proving damages by a preponderance of the evidence.

Ms. Briggs must show that the injury would not have occurred without Temple's <u>subjecting her to a hostile work environment and terminating her</u> [defendant's] act [or omission]. Ms. Briggs must also show that Temple's [defendant's] act [or omission] played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Temple's act [or omission]. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Temple's actions [or omissions] were motivated by discrimination. In other words, even assuming that [defendant's] actions [or omissions] were motivated by discrimination, Ms. Briggs is not entitled to damages for an injury unless [defendant's] Temple's discriminatory actions [or omissions] actually played a substantial part in bringing about that injury.

[There can be more than one cause of an injury. To find that Temple's act [or omission] caused Ms. Briggs's injury, you need not find that [defendant's] act [or omission] was the nearest cause, either in time or space. However, if Ms. Briggs's injury was caused by a later, independent event that intervened between Temple's act [or omission] and Ms. Briggs's injury, Temple is not liable unless the injury was reasonably foreseeable by Temple.]

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Briggs experienced as a consequence of Temple's [allegedly unlawful act or omission]. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Briggs would have earned, either in the past or in the future, if she

had continued in employment with Temple. These elements of recovery of wages that Ms. Briggs would have received from Temple are called "back pay" and "front pay". [Under the applicable law, the determination of "back pay" and "front pay" is for the court.] ["Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay "and "front pay" are to be entered separately on the verdict form.]

You may award damages for monetary losses that Ms. Briggs may suffer in the future as a result of Temple's allegedly unlawful act [or omission]. [For example, you may award damages for loss of earnings resulting from any harm to Ms. Briggs's reputation that was suffered as a result of Temple's allegedly unlawful acts [or omission]. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Ms. Briggs would have earned in the future from Temple if she had retained the job.]

As I instructed you previously, Ms. Briggs has the burden of proving damages by a preponderance of the evidence. But the law does not require that Ms. Briggs prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

[You are instructed that Ms. Briggs has a duty under the law to "mitigate" [his/her] damages--that means that Ms. Briggs must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Temple. It is [defendant's] burden to prove that Ms. Briggs has failed to mitigate. So if Temple persuades you by a preponderance of the evidence that Ms. Briggs failed to take advantage of an opportunity that was reasonably available to [him/her], then you must reduce the amount of [plaintiff's] damages by the amount that could have been reasonably obtained if [he/she] had taken advantage of such an opportunity.]

[In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.]

### 5.4.2    Title VII Damages — Punitive Damages

**Model**

Ms. Briggs claims the acts of Temple were done with malice or reckless indifference to Ms. Briggs's federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. [Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.]

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Temple personally acted with malice or reckless indifference to Ms. Briggs's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

**[For use where the defendant raises a jury question on good-faith attempt to comply with the law:**

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Ms. Briggs's federal rights, you cannot award punitive damages if Temple proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Ms. Briggs.]

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied [and that Temple has not proved that it made a good-faith attempt to comply with the law], then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Temple. You should also consider whether actual damages standing alone are sufficient to deter or prevent Temple from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those Temple may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Temple should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter Temple or others from committing similar wrongful acts in the future.

[The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources.  Therefore, if you find that punitive damages should be awarded against Temple, you may consider the financial resources of Temple in fixing the amount of those damages.]

### 5.4.3   Title VII Damages – Back Pay— **For Advisory or Stipulated Jury**

**Model**

If you find that Temple intentionally discriminated against Ms. Briggs in creating a hostile work environment and/or terminating [describe employment action] Ms. Briggs, then you must determine the amount of damages that [defendant's] Temple's actions have caused Ms. Briggs. Ms. Briggs has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Ms. Briggs for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Ms. Briggs would have received from Temple had Ms. Briggs not been the subject of Temple's intentional discrimination.

[*[Alternative One – for use when plaintiff does not seek back pay from periods earlier than the date that the unlawful employment practice occurred within the charge filing period:]*] Back pay damages, if any, apply from the time Ms. Briggs was [describe employment action] until the date of your verdict. [However, federal law limits a plaintiff's recovery for back pay to a maximum of a two year period before the plaintiff filed her discrimination charge with the Equal Employment Opportunity Commission.  Therefore the back pay award in this case must be determined only for the period between [specify dates]].]

[*[Alternative Two – for use when plaintiff alleging pay discrimination seeks back pay from periods earlier than the date that the unlawful employment practice occurred within the charge filing period but starting two years or less before the filing of the charge:]*] In this case, Ms. Briggs claims that Temple intentionally discriminated against Ms. Briggs in [describe employment action] Ms. Briggs on [date within the charge filing period]. Ms. Briggs also claims that Temple committed a similar or related unlawful employment practice with regard to discrimination in compensation on [date outside charge filing period but two years or less before the filing of the charge (hereafter "prior date")].  If you find that Temple intentionally discriminated against Ms. Briggs in [describe employment action] on [date within the charge filing period], and that Temple committed unlawful pay discrimination with respect to Ms. Briggs on [prior date], and that the unlawful employment practice, if any, on [prior date] was similar or related to [defendant's] [describe employment action] on [date within the charge filing period], then back pay damages, if any, apply from [prior date] until the date of your verdict.  If you find that Temple intentionally discriminated against Ms. Briggs in [describe employment action] on [date within the charge filing period], but you do not find that Temple committed a similar or related unlawful employment practice with regard to discrimination in compensation on [prior date], then back pay damages, if any, apply from [date within the charge filing period] until the date of your verdict.]

[*[Alternative Three – for use when plaintiff alleging pay discrimination seeks back pay from periods earlier than the date that the unlawful employment practice occurred within the charge filing period based on an act more than two years before the filing of the charge:]*] In this case, Ms. Briggs claims that Temple intentionally discriminated against Ms. Briggs in [describe employment action] Ms. Briggs on [date within the charge filing period]. Ms. Briggs also claims that Temple committed a similar or related unlawful employment practice with regard to

discrimination in compensation on [date outside charge filing period and more than two years before the filing of the charge (hereafter "prior date")]. If you find that Temple intentionally discriminated against Ms. Briggs in [describe employment action] on [date within the charge filing period], and that Temple committed unlawful pay discrimination with respect to Ms. Briggs on [prior date], and that the unlawful employment practice, if any, on [prior date] was similar or related to [defendant's] [describe employment action] on [date within the charge filing period], then back pay damages, if any, apply from [date two years prior to filing date of charge (hereafter "two-year date")] until the date of your verdict. In that case, back pay applies from [two-year date] rather than [prior date] because federal law limits a plaintiff's recovery for back pay to a maximum of a two year period before the plaintiff filed [his/her] discrimination charge with the Equal Employment Opportunity Commission. If you find that Temple intentionally discriminated against Ms. Briggs in [describe employment action] on [date within the charge filing period], but you do not find that Temple committed a similar or related unlawful employment practice with regard to discrimination in compensation on [prior date], then back pay damages, if any, apply from [date within the charge filing period] until the date of your verdict.]

You must reduce any award by the amount of the expenses that Ms. Briggs would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Ms. Briggs has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

[You are further instructed that Ms. Briggs has a duty to mitigate [his/her] damages--that is Ms. Briggs is required to make reasonable efforts under the circumstances to reduce [his/her] damages. It is [defendant's] burden to prove that Ms. Briggs has failed to mitigate. So if Temple persuades you, by a preponderance of the evidence, that Ms. Briggs failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of the wages that Ms. Briggs reasonably would have earned if she had obtained those opportunities.]

**[Add the following instruction if defendant claims "after-acquired evidence" of misconduct by the plaintiff:**

Temple contends that it would have made the same decision to [describe employment decision] Ms. Briggs because of conduct that it discovered after it made the employment decision. Specifically, Temple claims that when it became aware of the [describe the after-discovered misconduct], it would have made the decision at that point had it not been made previously.

If Temple proves by a preponderance of the evidence that it would have made the same decision and would have [describe employment decision] Ms. Briggs because of [describe after-discovered evidence], you must limit any award of back pay to the date Temple would have made the decision to [describe employment decision] Ms. Briggs as a result of the after-acquired information. ]

### 5.4.4 Title VII Damages — Front Pay — For Advisory or Stipulated Jury

**Model**

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Ms. Briggs would reasonably have earned from Temple had Ms. Briggs not terminated her [describe adverse employment action] for the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of earnings and benefits Ms. Briggs will receive from other employment during that time. Ms. Briggs has the burden of proving these damages by a preponderance of the evidence.

[If you find that Ms. Briggs is entitled to recovery of future earnings from Temple, then you must reduce any award by the amount of the expenses that Ms. Briggs would have incurred in making those earnings.]

You must also reduce any award to its present value by considering the interest that Ms. Briggs could earn on the amount of the award if she made a relatively risk-free investment. You must make this reduction because an award of an amount representing future loss of earnings is more valuable to Ms. Briggs if she receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because Ms. Briggs can earn interest on it for the period of time between the date of the award and the date [he/she] would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that Ms. Briggs can earn on that amount in the future.

[Add the following instruction if defendant claims "after-acquired evidence" of misconduct by the plaintiff:

Temple contends that it would have made the same decision to [describe employment decision] Ms. Briggs because of conduct that it discovered after it made the employment decision. Specifically, Temple claims that when it became aware of the [describe the after-discovered misconduct], it would have made the decision at that point had it not been made previously.

If Temple proves by a preponderance of the evidence that it would have made the same decision and would have [describe employment decision] Ms. Briggs because of [describe after-discovered evidence], then you may not award Ms. Briggs any amount for wages that would have been received from Temple in the future. ]

### 5.4.5   Title VII Damages — Nominal Damages

**Model**

If you return a verdict for Ms. Briggs, but Ms. Briggs has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if [he/she] suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## **CERTIFICATE OF SERVICE**

I, Laura C. Mattiacci, Esquire, hereby certify that Plaintiff's Proposed Jury Instructions have been filed electronically and is available for viewing and downloading from the ECF system on this 10th day of July, 2018. Attorneys for Defendant (Richard R. Harris and Rachel F. Satinsky, Littler Mendelson, P.C.) are registered users of the Court's ECF System.

BY:   /s/Laura C. Mattiacci

Laura C. Mattiacci, Esquire
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Ruth V. Briggs