IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS, | : |
| Plaintiff, | : Case No. 16-cv-00248 |
| v. | : ROBERT F. KELLY |
| TEMPLE UNIVERSITY, | : |
| Defendant. | : |

## DEFENDANT TEMPLE UNIVERSITY'S RESPONSE IN OPPOSITION TO PLAINTIFF RUTH BRIGGS'S MOTION IN LIMINE TO PRECLUDE TEMPLE UNIVERSITY FROM OFFERING EVIDENCE OF PLAINTIFF'S PRIVATE FACEBOOK MESSAGES AT TRIAL

For the reasons set forth in the accompanying Memorandum of Law in Opposition to Plaintiff Ruth Briggs's Motion *in limine* to Preclude Defendant Temple University From Offering Evidence of Plaintiff's Private Facebook Messages at Trial, Temple University respectfully requests that this Court enter an Order in the form attached hereto, denying Ms. Briggs's Motion *in limine*.

Respectfully submitted,

*/s/ Richard R. Harris*
Richard R. Harris, (PA #84897)
Rachel Fendell Satinsky, (PA #308751)
Jonathan L. Shaw, (PA #316882)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

Attorneys for Defendant
Temple University

Date: July 16, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH V. BRIGGS, | : | |
| Plaintiff, | : | Case No. 16-cv-00248 |
| v. | : | ROBERT F. KELLY |
| TEMPLE UNIVERSITY, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of July, 2018, upon consideration of Plaintiff Ruth Briggs's Motion *in limine* to Preclude Defendant Temple University From Offering Evidence of Plaintiff's Private Facebook Messages at Trial, and Defendant Temple University's Response and Memorandum of Law in Opposition thereto, it is hereby ordered that Plaintiff's Motion is **DENIED.** Defendant Temple University is permitted to introduce and elicit testimony and other evidence at trial relating to Plaintiff Ruth Briggs's Facebook Messages (i.e., documents bates-stamped BRIGGS 383-511).

**BY THE COURT:**

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS, | : |
| Plaintiff, | : Case No. 16-cv-00248 |
| v. | : ROBERT F. KELLY |
| TEMPLE UNIVERSITY, | : |
| Defendant. | : |

**DEFENDANT TEMPLE UNIVERSITY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF RUTH BRIGGS'S MOTION *IN LIMINE* TO PRECLUDE TEMPLE UNIVERSITY FROM OFFERING EVIDENCE OF PLAINTIFF'S PRIVATE FACEBOOK MESSAGES AT TRIAL**

**I.   INTRODUCTION AND FACTUAL SUMMARY**

After resigning from her employment with Temple University in April 2014, and refusing to accept responsibility for her poor performance, Ruth Briggs initiated this action against Temple University based upon allegations that she was discriminated against because of her age and sex, subjected to a hostile work environment, and retaliated against for alleged complaints of age and sex discrimination. Distilled to their essence, Ms. Briggs's allegations are based on nothing more than her disagreement with Temple University's decisions about her employment. Temple University denies Ms. Briggs's allegations.

In support of her hostile work environment claim, Ms. Briggs's contends that she was offended and felt "bullied" by her former supervisor Dr. Jie Wu's alleged comment that older women in China are "put out to pasture." (Compl. ¶¶ 24, 31.) As a result of this alleged hostile work environment, Ms. Briggs purportedly suffers from "emotional upset, mental anguish, humiliation, and loss of life's pleasures . . . ." (Compl. Relief (g).)

1

During the course of discovery, Ms. Briggs produced Facebook messages she sent to her friends and her then-current and former colleagues. (BRIGGS 383-511.) Some of these Facebook messages contain profanity-laced tirades wherein Ms. Briggs refers to Dr. Wu and Temple University's Director of Employee Relations, Deirdre Walton, in a lewd and derogatory manner. As an example, Ms. Briggs sent Facebook messages to a former Temple University professor wherein she refers to Dr. Wu as "WeWeWu," a "spineless weanie of a man," a "fuck face," and a "little dick head," (BRIGGS 406, 416, 418.) Ms. Briggs also sent Facebook messages wherein she refers to Ms. Walton as a "stupid bitch" and a "fucking cunt." (BRIGGS 395, 416.)

Ms. Briggs now seeks to exclude all of her Facebook messages from trial, claiming her messages are not relevant to her claims and even if relevant, the messages constitute impermissible character evidence and are more prejudicial than probative. Ms. Briggs is incorrect.

## II.    LEGAL STANDARD

"'The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.'" *Konsavage v. Mondelez Global, LLC*, No. 15-cv-1155, 2018 WL 1158249, at *1 (M.D. Pa. Mar. 5, 2018) (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)). Though a trial court may exercise its discretion to rule in limine on evidentiary issues, the "'court should exclude evidence on a motion in limine **only** when the evidence is **clearly** inadmissible on **all** potential grounds.'" *Konsavage*, 2018 WL 1158249, at *1 (emphasis added) (quoting *Tartaglione*, 228 F. Supp. 3d at 406). "Moreover, '*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *Konsavage*, 2018 WL 1158249, at *1

(emphasis in original) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990)).

For the reasons set forth below, Ms. Briggs's Motion *in limine* does not satisfy this standard.

**III.   ARGUMENT**

Ms. Briggs's Facebook messages are neither irrelevant nor are they impermissible character evidence. Instead, they are relevant to (among other things) a key element of her hostile work environment claim: whether she was subjectively offended by Dr. Wu's alleged comments and behavior that purportedly form the basis of her hostile work environment claim. Moreover, just because evidence of Ms. Briggs's Facebook messages is unfavorable to her does not make it "unfairly prejudicial."

A hostile work environment claim has both objective and **subjective** components. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993) (explaining that "if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation."); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 168-69 (3d Cir. 2013) (noting that "the inherently subjective" aspect of hostile work environment claims "presents difficult problems of proof and turns on credibility determinations"). A defendant is, therefore, permitted to introduce evidence of the plaintiff's own conduct, *including the plaintiff's Facebook posts*, to challenge her argument that she found certain conduct offensive and to impeach her credibility. *Targonski v. City of Oak Ridge*, 921 F. Supp. 2d 820, 834 (E.D. Tenn. 2013) (denying plaintiff's motion *in limine* to exclude her sexually explicit Facebook entries because they were relevant to whether plaintiff found harassing conduct to be offensive); *see also Gelpi v. AutoZoners, LLC*, No. 12-cv-0570, 2014 WL 1224457, *6 (N.D. Ohio Mar. 24, 2014) (granting summary judgment for defendant-

employer, because, among other things, plaintiff's sexual comments and jokes on her Facebook page demonstrate that she was not offended by sexual comments in the workplace).

In *Targonski*, the plaintiff brought a Title VII gender-based hostile work environment claim against her former employer based upon a theory that it failed to adequately respond to her complaints of a co-worker spreading false sexual rumors about her. 921 F. Supp. 2d at 827, 834. To rebut (among other things) the plaintiff's claim that she found the workplace rumors to be offensive, the defendant sought to introduce evidence of plaintiff "discussing on Facebook her desire for a female friend to join her 'naked in a hot tub'" and her Facebook comments "discussing 'naked Twister.'" *Id*. at 834. The plaintiff filed a motion *in limine* seeking to exclude evidence of those Facebook comments, arguing they were (1) not relevant to her Title VII gender-based hostile work environment claim; (2) impermissible character evidence; and (3) unfairly prejudicial. *Id*. at 833. The court disagreed on all counts. Noting that "[t]o be actionable under Title VII, a 'sexually objectionable environment **must be** both objectively and **subjectively offensive**," *id*. (emphasis added), the court held that the Facebook postings "are neither irrelevant nor are they impermissible character evidence. Instead, the postings are relevant to a key trial issue." *Id*.

The court explained that "[t]he challenged Facebook evidence is not prohibited character evidence offered to prove that plaintiff on a particular occasion acted in accordance with a characteristic or trait by, for example, actually engaging in 'naked Twister' or any of the other activities discussed on her Facebook page. Instead, *the evidence is relevant to . . . whether plaintiff could truly have found those alleged rumors offensive*." *Id*. at 834 (emphasis added). Lastly, the court noted, "the mere fact that evidence is unfavorable to plaintiff does not make that evidence 'unfairly prejudicial.'" *Id*.

4

Likewise, here, Ms. Briggs's Facebook messages are not prohibited character evidence offered to prove that she on a particular occasion acted in accordance with a characteristic or trait by, for example, calling Dr. Wu "WeWeWu" or a "spineless weanie of a man." Instead, Ms. Briggs's Facebook messages, including her profanity-laced tirades, are relevant to whether she truly found (among other things) Dr. Wu's alleged comment—that older women in China are "put out to pasture"—offensive. For example, Temple University is entitled to challenge Ms. Briggs's credibility by presenting evidence of Ms. Briggs referring to one woman as a "stupid bitch" and a "fucking cunt," and describing another woman as having "a dick and no balls," to suggest that Ms. Briggs did not truly take offense to the alleged conduct that forms the basis of her hostile work environment claims. *See Targonski*, *supra*; *Gelpi*, *supra*. Moreover, the mere fact that Ms. Briggs's Facebook messages are unfavorable to her does not make them "unfairly prejudicial." *Targonski*, *supra*.

## IV.   CONCLUSION

Temple University respectfully requests that this Court enter an Order in the form attached hereto, denying Ms. Briggs's Motion *in limine* and permitting Temple University to introduce and elicit testimony and other evidence regarding Ms. Briggs's Facebook messages (i.e., documents bates-stamped BRIGGS 383-511) at trial.

                              Respectfully submitted,

                              */s/ Richard R. Harris*
                              Richard R. Harris, (PA #84897)
                              Rachel Fendell Satinsky, (PA #308751)
                              Jonathan L. Shaw, (PA #316882)
                              **LITTLER MENDELSON, P.C.**
                              Three Parkway
                              1601 Cherry Street, Suite 1400
                              Philadelphia, PA  19102.1321

                              Attorneys for Defendant
                              Temple University

Date: July 16, 2018

**CERTIFICATE OF SERVICE**

I, Richard R. Harris, hereby certify that, on this 16th day of July, 2018, the foregoing Response and Memorandum of Law in Opposition to Plaintiff's Motion *in limine* to Preclude Defendant Temple University From Offering Evidence of Plaintiff's Private Facebook Messages at Trial Motion *in limine*, together with a Proposed Order, were filed using the Eastern District of Pennsylvania's ECF system, through which these documents are available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

                                            */s/ Richard R. Harris*
                                             Richard R. Harris