# EXHIBIT 01
## Complaint

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RUTH V. BRIGGS | TEMPLE UNIVERSITY |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esquire, Console Law Offices LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676; munshi@consolelaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. §621, et seq., (ADEA) 43 P.S. §951 (PHRA) and 42 U.S.C. §2000e, et seq. (Title VII)

Brief description of cause:
Plaintiff was discriminated against because of her age and sex.

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $   in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   01/20/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Philadelphia, PA 19122**

Address of Defendant: **1801 N. Broad St., Philadelphia, PA 19122**

Place of Accident, Incident or Transaction: **1801 N. Broad St., Philadelphia, PA 19122**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, **Rahul Munshi** _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **1/20/2016** _____ _____ **307548** _____
                  Attorney-at-Law                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **1/20/2016** _____ _____ **307548** _____
                  Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **RUTH V. BRIGGS** | : | CIVIL ACTION |
| v. | : | |
| **TEMPLE UNIVERSITY** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court.  (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( **x** )

| | | |
|---|---|---|
| **1/20/2016** | **Rahul Munshi** | **Ruth V. Briggs** |
| Date | Attorney-at-law | Attorney for |
| **215-545-7676** | **215-814-8920** | **munshi@consolelaw.com** |
| Telephone | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### IN THE UNITED STATES DISTRICT COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| _____ : | | |
| **RUTH V. BRIGGS** : | | |
| **Philadelphia, PA 19122** : | | |
| : | | |
| **Plaintiff,** : | | |
| : | **CIVIL ACTION NO.** | |
| **v.** : | | |
| : | | |
| **TEMPLE UNIVERSITY** : | | |
| **1801 N. Broad St.** : | | |
| **Philadelphia, PA 19122** : | | |
| : | **JURY TRIAL DEMANDED** | |
| **Defendant.** : | | |
| _____ : | | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Ruth V. Briggs, brings this action against her former employer, Temple University ("Defendant" or "Temple"). Plaintiff, a ten (10) year, high-performing employee of Defendant, was terminated in April 2014 after specifically complaining that she was being discriminated against because of her sex and her age and that she was being retaliated against and subjected to a hostile work environment by upper management.

Plaintiff was discriminated against because of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the PHRA. Plaintiff was further subjected to a hostile work environment and retaliated against by Defendant for complaining of age and sex discrimination in the workplace. Plaintiff seeks all damages, including economic loss, compensatory,

1

liquidated, and punitive damages, and all other relief under applicable federal and state law as this Court deems appropriate.

**II.**    **PARTIES**

1.    Plaintiff, Ruth V. Briggs, is a female individual and citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is currently sixty-one (61) years old and was fifty-nine (59) years old when she was terminated by Defendant.

3.    Defendant Temple University is a Pennsylvanian corporation with a principal place of business located at 1801 N. Broad St., Philadelphia, PA 19122.

4.    Defendant is engaged in an industry affecting interstate commerce and, at all relevant times, has regularly conducted business in the Commonwealth of Pennsylvania.

5.    At all times material hereto, Defendant has acted as an "employer" within the meaning of the statutes which form the basis of this matter.

6.    At all times material hereto, Defendant employed more than twenty (20) individuals.

7.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this matter.

**III.**    **JURISDICTION AND VENUE**

9.    The causes of action which form the basis of this matter arise under the ADEA, Title VII and the PHRA.

2

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.     The District Court has jurisdiction over Count II (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

14.     On or about April 23, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of harassment and discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

15.     On or about October 13, 2014, Plaintiff filed an Amended Charge of Discrimination with the EEOC, complaining of acts of harassment, discrimination, and retaliation by Defendant.  Attached hereto, incorporated herein, and marked as Exhibit 2 is a true and correct copy of the second EEOC Charge of Discrimination.

16.     On or about October 22, 2015, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as Exhibit 3 is a true and correct copy of that notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

18.     Plaintiff was born on November 10, 1954 and is currently sixty-one (61) years old.

19.     Plaintiff commenced employment with Temple in or around February 2001 as an Editorial Assistant in the Center for Neuro/Cancer Biology.

20.     In or around 2004, Plaintiff became an Executive Assistant to interim Dean Allen Nicholson of the College of Science and Technology.

21.     In or around October 2009, Plaintiff became the Executive Assistant to Dr. Jie Wu, the Chair of the Department of Computer Information Services.

22.     Plaintiff reported to Dr. Wu until her termination date on April 1, 2014.

23.     Starting in or around November 2011, Dr. Wu began displaying his blatant bias against Plaintiff because of her sex, age, and combination of her sex and age.

24.     By way of example, on or about November 9, 2011, Dr. Wu (a Chinese national) stated to Plaintiff, who was turning fifty-seven (57) years old the next day, that women in China are "put out to pasture" at the age of fifty-five (55).

25.     Plaintiff interpreted Dr. Wu's comment, which was made to her right before her birthday, to mean that Plaintiff should no longer be in the workforce as a result of her sex and age.

26.     Plaintiff was, of course, insulted by Dr. Wu's comment and insinuation.  At the time, Plaintiff had been employed by Temple for over ten (10) years and intended to work for Temple for at least another ten (10) years.

27.     Plaintiff politely replied to Dr. Wu that we are in the United States and not in China.

28.     For challenging Dr. Wu's biased view and discriminatory comment, Plaintiff was given a written warning for allegedly acting unprofessionally and inappropriately.

29.     Dr. Wu was not reprimanded in any way for making his discriminatory comment to Plaintiff.

30.     In 2012, Plaintiff alerted Temple on several occasions that she was feeling bullied and discriminated against by Dr. Wu because of her age and sex.

31.     For example, on more than one occasion Plaintiff stated to Sandra Foehl of Temple's Office of Equal Opportunity Compliance that Dr. Wu had threatened Plaintiff with termination, Plaintiff felt that she was being discriminated against, and she specifically relayed Dr. Wu's comment about older women being put "out to pasture" in China.

32.     Plaintiff also explained that Dr. Wu often required Plaintiff to get Dr. Wu coffee and cookies and do other subservient tasks that were not within her job duties.

33.     In response, Ms. Foehl sent Plaintiff information on how to file an internal complaint with Temple.

34.     Plaintiff also discussed these issues with Rhonda Brown of Temple's Office of Institutional Diversity in 2012.

35.     In early 2013, Plaintiff continued to be harassed and bullied by Dr. Wu.

36.     Plaintiff again raised her concerns with Ms. Foehl and Ms. Brown.

37.     Ms. Foehl directed Plaintiff to speak with Deirdre Walton of Labor and Employee Relations.

38.     Plaintiff did contact Ms. Walton to discuss the workplace harassment to which she was subjected by Dr. Wu, but the hostile work environment continued to escalate.

39.     In February 2013, Plaintiff sought the help of Cameron Etezady, Esq. of Temple's

Office of University Counsel.

40.     Plaintiff had previously communicated with Mr. Etezady regarding a former employee of Temple who planned to bring an action of workplace discrimination against Temple.

41.     In emails dated February 9, February 10, and February 11, 2013, Plaintiff specifically communicated to Mr. Etezady that she was being discriminated against on the basis of her age and sex, and that she feared retaliation by Dr. Wu.

42.     Plaintiff further stated that she had already spoken to Ms. Brown, Ms. Foehl, and Ms. Walton, but no one was able to alleviate the situation.

43.     Plaintiff engaged in protected activity by complaining of discrimination, hostile work environment, harassment, and retaliation.

44.     Mr. Etezady directed Plaintiff to reach out to Fay Trachtenberg, Esq. of Temple's Office of University Counsel, which she did on or about February 14, 2013.

45.     Plaintiff again relayed her concerns about discrimination and again no action was taken by Temple.

46.     In August 2013, Plaintiff again reached out to Ms. Trachtenberg and Mr. Etezady because she continued to feel singled out by Dr. Wu and Andrew DiMeo, another member of the department who worked closely with Dr. Wu.

47.     Earlier in 2013, Plaintiff was given a three-day suspension for making an error in connection with an administrative duty.  Plaintiff noticed the error herself and took ownership of the mistake.  For this error, Plaintiff was suspended without pay, while other employees of Temple who made similar mistakes were given far less harsh discipline.

48.     Plaintiff's email to Mr. Etezady on August 6, 2013 stated that she was literally

begging for help because she felt targeted by her supervisor. She specifically wrote to Mr. Etezady, "My situation I believe is now compounded because of my age, my gender, and perhaps ethnicity. I am begging for someone within Temple to help mediate this problem."

49. Notwithstanding her cries for help, Temple continued to do nothing to assist in the situation.

50. In January 2014, Plaintiff again received an unfair disciplinary notice from Dr. Wu and Mr. DiMeo. Plaintiff overslept and arrived to work approximately three (3) hours late.

51. Before coming in, Plaintiff notified student-worker Taylor Lentz that she overslept and was leaving her home soon.

52. Plaintiff asked to speak with Judy Lennon (CIS Department secretary), who was nowhere to be found.

53. Plaintiff asked to speak with Dr. Wu himself, but he was in a meeting.

54. Consequently, Plaintiff told Ms. Lentz to inform them that she would be arriving at work shortly.

55. For this one incident, Plaintiff received a disciplinary note.

56. At the same time, one of Plaintiff's co-workers, a new hire named Hailey King (age 29), was routinely late and even had a few instances of no call/no show.

57. Ms. King was not disciplined, however, and upon information and belief she continues to work at Temple.

58. Following the unwarranted discipline in January 2014, Plaintiff again contacted Ms. Foehl and Ms. Walton.

59. On February 25, 2014, Plaintiff specifically informed Ms. Foehl that she planned to file an EEO claim internally with Temple and that she already had a phone intake with the

7

EEOC.

60. Plaintiff engaged in protected activity by complaining to Ms. Foehl on February 25, 2014.

61. On March 13, 2014, Plaintiff wrote to Ms. Walton that she felt singled out, was being pushed out of Temple by her supervisors, and that Temple's actions were in violation of state and federal law.

62. Plaintiff engaged in protected activity by complaining to Ms. Walton on March 13, 2014.

63. On April 1, 2014, Plaintiff met with Ms. Foehl in-person to discuss the discrimination she was facing at Temple.

64. Upon leaving the meeting, Plaintiff was instructed to meet with Greg Wacker.

65. Plaintiff was then given a termination notice stating that she was being terminated for negligence/carelessness and disruptive or disorderly conduct.

66. The termination came on the heels of Plaintiff literally leaving Temple's EEO office where she again complained that she was being pushed out of Temple because of her age and sex, and that she continued to be retaliated against for raising these complaints.

67. The reasons given to Plaintiff for her termination are a pretext for discrimination and retaliation.

68. The termination of Plaintiff's employment was discriminatory and in retaliation for her complaints of sex and age discrimination and hostile work environment.

69. Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff.

70. Plaintiff's sex was a motivating and/or determinative factor in Defendant's

discriminatory treatment of Plaintiff and in the termination of Plaintiff.

71.    Plaintiff engaged in protected activity by complaining of age and sex discrimination and hostile work environment to which she was subjected.

72.    Plaintiff's complaining of discrimination and a hostile work environment was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, and in the termination of Plaintiff's employment.

73.    Defendant failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory, and retaliatory conduct.

74.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

75.    Defendant has failed to provide a legitimate, non-discriminatory and non-retaliatory reason for Plaintiff's termination.

76.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, and the hostile work environment to which she was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

77.    The conduct of Defendant, as set forth above, was severe or pervasive enough to make a reasonable person believe that the conditions of employment are altered and the working environment is hostile or abusive.

78.    The conduct of Defendant, as set forth above, was outrageous under the

circumstances, was done by and with knowledge of upper management, and warrants the imposition of punitive damages against Defendant.

79.     The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I – ADEA

80.     Plaintiff incorporates herein by reference paragraph 1 through 79 above, as if set forth herein in their entirety.

81.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

82.     By committing the foregoing acts of harassment, discrimination, and retaliation against Plaintiff, Defendant has violated the ADEA.

83.     Said violations were willful and warrant the imposition of liquidated damages.

84.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

85.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

86.     No previous application has been made for the relief requested herein.

## COUNT II – TITLE VII

87.     Plaintiff incorporates herein by reference paragraph 1 through 86 above, as if set forth herein in their entirety.

88.     Plaintiff's sex was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

89.     By committing the foregoing acts of harassment, discrimination, and retaliation

against Plaintiff, Defendant has violated Title VII.

90.     Said violations were willful and intentional and warrant the imposition of punitive damages.

91.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

92.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

93.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

94.     Plaintiff incorporates herein by reference paragraphs 1 through 93 above, as if set forth herein in their entirety.

95.     Plaintiff's sex was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

96.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

97.     By committing the foregoing acts of harassment, discrimination, and retaliation, Defendant has violated the PHRA.

98.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

99.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until

this Court grants the relief requested herein.

100.    No previous application has been made for the relief requested herein.

**<u>RELIEF</u>**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of Title VII;

(c) declaring the acts and practices complained of herein to be in violation of the PHRA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding liquidated damages to Plaintiff under the ADEA;

(i) awarding punitive damages to Plaintiff under Title VII;

(j) awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII and the PHRA;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable

attorneys' fees; and

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE LAW OFFICES LLC

Dated:  January 20, 2016

By:

Rahul Munshi
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 814-8920 (fax)

Attorney for Plaintiff,
Ruth V. Briggs

# Exhibit 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 846-2014-19746 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Ruth V. Briggs** | ▮▮▮▮▮▮ | ▮▮1954 |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮ **Philadelphia, PA 19122** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TEMPLE UNIVERSITY** | **500 or More** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1805 N. Broad Street, Wachman 324, Philadelphia, PA 19122** | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **01-20-2014** | **04-01-2014** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I worked for Respondent from approximately February 2001 until my discharge on or about April 1, 2014. As of the date I am signing this charge I am fifty-nine (59) years of age.

II. On or about January 20, 2014, I overslept and reported to work three hours late. (I notified Respondent as soon as I woke up.) As a result, I was issued a Discipline Report and placed on probation for one (1) year. I was already on probation from an incident dating back to March 2013, where I made an honest mistake that I tried to fix immediately.

III. In contrast, Hailey King, approximate age twenty-nine (29), has a history of being absent or tardy, and yet to my knowledge has never been disciplined by Respondent. Incidents include not calling in during a three-day absence on one occasion and during a two-day absence on another, both during her probation period. The first incident alone should have led to her discharge for job abandonment, but she has successfully completed her probation and is still employed.

IV. On or about April 1, 2014, I was discharged, allegedly because I engaged in Negligence/Carelessness and Disruptive or Disorderly Conduct. Since I was already on probation, discharge was my next step. I had just completed the process of filing an internal age discrimination complaint when I returned to my office and was called into the meeting where I was terminated.

V. I also believe that I was subjected to gender discrimination by Department Chair Dr. Jie Wu (Male), who, although he had moved me to a completely different building, regularly sent me to get cookies and coffee for him and his guests (even though the department secretary and student worker were right there). He also told

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Apr. 23, 2014** _____ Date      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Received
2014
EEOC – Phila
District Office

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2014-19746 |

| **Pennsylvania Human Relations Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

me on several occasions that, women my age were "put out to pasture at fifty-five in China." But when I told him that, with all due respect, that we were not in China, I was given a verbal warning for insubordination and unprofessional conduct. (But the inappropriateness of Dr. Wu's comment was never addressed.)

VI. I believe I have been discriminated against, in that I have been disciplined and discharged for reasons that at least one younger coworker has not, solely because of my age, fifty-nine (59), in willful violation of the Age Discrimination in Employment Act of 1967, as amended. I also allege that I was subjected to harassment because of my gender, Female, that Respondent knew of but did nothing about, in willful violation of Title VII of the Civil Rights Act of 1964, as amended.



APR 2014
Received
EEOC - Philadelphia
District Office

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Apr. 23, 2014**<br>*Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# Exhibit 2

| AMENDED CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X EEOC | **846-2014-19746** |

| STATE OR LOCAL AGENCY: **PHRC** | | |
|---|---|---|

| NAME (Indicate Mr., **Ms**., Mrs.)<br>**RUTH V. BRIGGS** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>**Philadelphia, PA 19122** | DATE OF BIRTH<br>▮▮/1954 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**TEMPLE UNIVERSITY** | NUMBER OF EMPLOYEES,<br>MEMBERS  > 500 | TELEPHONE (Include Area Code)<br>**215-204-7000** |
|---|---|---|

| STREET ADDRESS<br>**1805 N. Broad St., Wachman 324** | CITY, STATE AND ZIP<br>**Philadelphia, PA 19122** | COUNTY<br>**Philadelphia** |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race   ☐ Color   X Sex   ☐ Religion   ☐ National Origin<br>X Retaliation   X Age   ☐ Disability   ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*       *Latest   April 1, 2014* |
|---|---|

**THE PARTICULARS ARE:**

**A.**  1. I worked for Respondent from approximately February 2001 until my discharge on or about April 1, 2014.  As of the date I am signing this Amended Charge I am fifty-nine (59) years of age.

2. On or about January 20, 2014, I overslept and reported to work three hours late.  (I notified Respondent as soon as I woke up.)  As a result, I was issued a Discipline Report and placed on probation for one (1) year.  I was already on probation from an incident dating back to March 2013, where I made an honest mistake that I tried to fix immediately.

3.  In contrast, Hailey King, approximate age twenty-nine (29), has a history of being absent or tardy, and yet to my knowledge has never been disciplined by Respondent.  Incidents include not calling in during a three-day absence on one occasion and during a two-day absence on another, both during her initial employment probation period.  The first incident alone should have led to her discharge for job abandonment, but she has successfully completed her probation and is still employed by Respondent.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| 10-13-2014<br><br>Date:       Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

4. I believe that I was subjected to age and gender discrimination by Department Chair Dr. Jie Wu (Male), who, although he had moved me to a completely different building, regularly sent me to get cookies and coffee for him and his guests (even though the department secretary and student worker were right there). He also told me on several occasions that women my age were "put out to pasture at fifty-five in China." But when I told him that, with all due respect, that we were not in China, I was given a verbal warning for insubordination and unprofessional conduct. (But the inappropriateness of Dr. Wu's comment was never addressed.)

5. Prior to my termination, I complained to Respondent on numerous occasions that I felt that I was being discriminated against on the basis of my age and/or sex. For example, on several occasions I specifically wrote to Cameron Etezady of Respondent's General Counsel office that I felt I was being discriminated against by my direct supervisor, Dr. Jie Wu (Male), because of my age and sex, and I repeated Dr. Wu's statements to me about women being put "out to pasture" at my age.

6. On or about February 25, 2014, only a few weeks before I was terminated, I emailed Sandra Foehl, Director in Respondent's EEO Office, stating that I had already conducted a phone interview with the EEOC regarding my complaints of discrimination. I continued to complain to Ms. Foehl and Tracey Hamilton, Assistant Director in Respondent's EEO Office, throughout February and March 2013 about the hostile work environment and discrimination to which I was subjected. On April 1, 2014, directly before I was terminated, I met with Ms. Foehl in person to further discuss the discrimination and harassment that I was facing.

7. Notwithstanding my complaints of discrimination, on or about April 1, 2014, I was discharged, allegedly because I engaged in Negligence/Carelessness and Disruptive or Disorderly Conduct. Since I was already on probation, discharge was my next step. I had just completed the process of filing an internal age discrimination complaint when I returned to my office and was called into a meeting where I was terminated.

**B.** 1. Respondent's Stated Reasons

Respondent's stated reason for my termination was that I engaged in Negligence/Carelessness and Disruptive or Disorderly Conduct. Respondent's stated reason is a pretext for discrimination and retaliation.

**C.** 1. Statutes and Basis for Allegation

I believe that Respondent has harassed me, discriminated against me on the basis of my sex and age, and retaliated against me for complaining about the same, in

**BRIGGS v. TEMPLE UNIVERSITY**
**EEOC <u>AMENDED</u> CHARGE OF DISCRIMINATION**
**Page 3 of 3**

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. ("PHRA").

# Exhibit 3

Received via USPS 10/30/2015

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Ruth V. Brinc___

Philadelphia, PA 19122

From: Cleveland Field Office
EEOC, AJC Fed Bldg
1240 E 9th St, Ste 3001
Cleveland, OH 44199

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2014-19746 | Luisa Burgos, Investigator | (216) 522-7400 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Cheryl Mabry-Thomas, Director
Cleveland Field Office

10/22/2015
(Date Mailed)

Enclosures(s)

cc: Francine Griesing, Esq.
1717 Arch Street
Suite 3630
Philadelphia, PA 19103

Enclosure with EEOC
Form 161 (11/09)