**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUTH V. BRIGGS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> TEMPLE UNIVERSITY, : <br> : <br> Defendant. : <br> : | Case No. 2:16-cv-00248-RK <br><br> HON. ROBERT F. KELLY, SR., J. |

**DEFENDANT TEMPLE UNIVERSITY'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF RUTH BRIGGS' POST-TRIAL MOTION FOR FRONT PAY
DAMAGES AND FOR A NEW TRIAL ON PUNITIVE DAMAGES ONLY**

## TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION AND FACTUAL SUMMARY ............................................................. 1

II.   MS. BRIGGS IS NOT ENTITLED TO FRONT PAY BECAUSE SHE FAILED TO MITIGATE HER DAMAGES .......................................................................... 1

III.  THE COURT CORRECTLY RULED THERE WAS INSUFFICIENT EVIDENCE TO CHARGE THE JURY ON PUNITIVE DAMAGES UNDER MS. BRIGGS' TITLE VII RETALIATORY HOSTILE WORK ENVIRONMENT CLAIM .......................................................................................... 4

IV.  CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Booker v. Taylor Milk Co.*,
  64 F.3d 860 (3d Cir. 1995)......................................................................................................2

*Caufield v. Center Area Sch. Dist.*,
  133 F. App'x 4 (3d Cir. 2005) ................................................................................................3

*Holocheck v. Luzerne County Head Start, Inc.*,
  No. 04-2082, 2007 WL 954308 (M.D. Pa. Mar. 28, 2007) ..................................................2, 3

*Hurst v. Beck*,
  771 F. Supp. 118 (E.D. Pa. 1991) ...........................................................................................2

*Medcalf v. Trustees of the Univ. of Pennsylvania*,
  71 Fed. Appx. 924 (3d Cir. 2003)........................................................................................4, 5

*Ridley v. Costco Wholesale Corp.*,
  217 F. App'x 130 (3d Cir. 2007) .........................................................................................4, 6

*Tubari Ltd., Inc. v. NLRB*,
  959 F.2d 451 (3d Cir. 1992)..................................................................................................2, 3

*Tumolo v. Triangle Pacific Corp.*,
  46 F. Supp. 2d 410 (E.D. Pa. 1999) .........................................................................................7

**Federal Statutes**

29 U.S. C. § 626........................................................................................................................2

42 U.S.C. § 1981a.....................................................................................................................4

**Other Authorities**

Restatement (Second) of Torts, § 918(1).12 ............................................................................2

I.  **INTRODUCTION AND FACTUAL SUMMARY**

On July 19, 2018, despite *any evidence* of discriminatory or retaliatory animus, the jury returned a verdict for Ms. Briggs, and against Temple University ("Temple" or the "University"). The jury awarded Ms. Briggs $250,000.00 in back pay damages, with liquidated damages, and $350,000.00 in compensatory damages for a total verdict of $850,000.00.[1]  In her Motion, Ms. Briggs now also seeks front pay damages, and she requests a new trial as to punitive damages. She is not entitled to either additional form of damages.

As a matter of law, Ms. Briggs cannot recover front pay damages because she *admittedly* withdrew from the job market once she secured employment as a home healthcare aide (a fact she conveniently neglected to mention in her Motion), despite the fact that her wages were less than half of what she earned at Temple.  Her admitted failure to mitigate her damages precludes any award of front pay.

Ms. Briggs' demand for a new trial on punitive damages is equally without merit.  Not only did Ms. Briggs fail to prove that Temple University subjected her to a retaliatory hostile work environment based upon her complaints of age and gender discrimination (*see* Temple University's Motion for Judgment as a Matter of Law, at ECF No. 64), the record is entirely devoid of any evidence of malice or reckless indifference.  This Court, therefore, correctly ruled that there was insufficient evidence to charge the jury on punitive damages.

II.  **MS. BRIGGS IS NOT ENTITLED TO FRONT PAY BECAUSE SHE FAILED TO MITIGATE HER DAMAGES**

Ms. Briggs' decision to withdraw from the employment market after securing a job paying less than half of what she earned as a Temple University employee—a fact she

---

[1] Temple University filed a Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or, in the Alternative, for a Remittitur on August 9, 2018 ("Motion for Judgment as a Matter of Law") (s*ee* ECF No. 64), which is incorporated herein by reference.

conveniently ignores in her Post-Trial Motion—precludes any claim for front pay damages.

The Age Discrimination in Employment Act ("ADEA") allows a successful plaintiff to recover back pay damages and, in certain circumstances, permits reinstatement. 29 U.S. C. § 626. In lieu of reinstatement, a court, in its discretion, may award front pay damages. *Hurst v. Beck*, 771 F. Supp. 118, 123 (E.D. Pa. 1991) (citations omitted). However, a successful plaintiff has a duty to mitigate her damages. *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 865 (3d Cir. 1995); *Tubari Ltd., Inc. v. N.L.R.B.*, 959 F.2d 451, 452 (3d Cir. 1992). It is well-settled that a complaining party may not recover damages for any harm that she could have avoided or minimized with reasonable effort. *See* Restatement (Second) of Torts, § 918(1).12.

A prevailing plaintiff's duty "to mitigate damages is *not* met by using reasonable diligence to obtain *any* employment. Rather, the claimant must use reasonable diligence to obtain *substantially equivalent employment*." *Booker*, 64 F.3d at 866 (emphasis in original) (citing *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231-32 (1982)). "'Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the [ADEA] claimant has been discriminatorily terminated.'" *Holocheck v. Luzerne County Head Start, Inc.*, No. 3CV-04-2082, 2007 WL 954308, at *13 (M.D. Pa. Mar. 28, 2007) (alteration in original) (quoting *Booker*, 64 F.3d at 866). The Third Circuit has made clear that, because of the statutory duty to mitigate damages, a plaintiff must demonstrate she made a "continuing commitment to be a member of the work force and by remaining ready, willing and available to accept employment." *Booker*, 64 F.3d at 865.

When an employer successfully proves a failure to mitigate, "'any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to

mitigate *and any front-pay award will be foreclosed.*'" *Holocheck*, 2007 WL 954308, at *15 (quoting *Caufield v. Center Area Sch. Dist.*, 133 F. App'x 4, 11 (3d Cir. 2005)). Although the employer has the burden of establishing a failure to mitigate, as a matter of law, it meets that burden when an employee has withdrawn from the employment market. *Tubari*, 959 F.2d at 453-54 ("an employer need not establish that the employee would have secured such employment, for the employer meets its burden on the mitigation issue by showing that the employee has withdrawn from the employment market."); *see also Caufield*, 133 F. App'x at 11 (ADEA case applying *Tubari*; explaining employer may establish failure to mitigate by showing employee "withdrew entirely from the employment market." (citing *Tubari*, 959 F.2d at 454)); *Holocheck*, 2007 WL 954308, at *15 (applying *Tubari* and willful loss doctrine in ADEA case and explaining doctrine applies "where the alleged victim has failed to stay in the labor market, refused to accept comparable employment, failed to search diligently for other work, or voluntarily quit alternative employment without cause." (citation omitted)).

Ms. Briggs is not entitled to front pay, because she *admittedly* withdrew from the labor market, magnifying her damages because of her continued loss of earnings. During trial, Ms. Briggs admitted that rather than remaining ready, willing, and available to accept employment, much less substantially equivalent employment, she voluntarily withdrew from the labor market once she secured employment as a home healthcare aide, despite the fact that her wages were less than half of what she earned at Temple. (Exhibit A, Trial Tr. (7.17.18 PM) 72:12-14.) Ms. Briggs' *admitted* failure to mitigate her damages, which resulted in a willful loss of the difference in wages she earns as a home healthcare aide and the wages she earned as a Temple employee. This clear admission precludes any award of front pay. *Holocheck*, 2007 WL 954308, at *17 (citing *Caufield*, 133 F. App'x at 11).

3

Temple University, therefore, respectfully requests that this Court enter an Order denying Ms. Briggs' Motion for Front Pay Damages.

### III. THE COURT CORRECTLY RULED THERE WAS INSUFFICIENT EVIDENCE TO CHARGE THE JURY ON PUNITIVE DAMAGES UNDER MS. BRIGGS' TITLE VII RETALIATORY HOSTILE WORK ENVIRONMENT CLAIM

Ms. Briggs' demand for a new trial on punitive damages cannot withstand scrutiny not only because there is simply no evidence that Temple University subjected her to a retaliatory hostile work environment based upon her complaints of gender discrimination with malice or reckless indifference to her federally protected rights, but also because the evidentiary record demonstrates Temple University's good-faith efforts to comply with Title VII.

To recover punitive damages under Title VII, Ms. Briggs was required to prove that Temple University "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to [her] federally protected rights . . . ." 42 U.S.C. § 1981a(b)(1). She was unable to meet that burden as she failed to introduce *any* evidence that Temple University subjected her to a retaliatory hostile work environment, including subjecting her to malice or reckless indifference to her federally protected rights. It is important to note, by way of analogy, that even if she had been able to prove that her manager subjected her to a hostile work environment (as would be required to recover such damages), an employer may not be held vicariously liable for punitive damages for the discriminatory actions of its managers when those decisions are contrary to an employer's good-faith efforts to comply with Title VII. *See Ridley v. Costco Wholesale Corp.*, 217 F. App'x 130, 137 (3d Cir. 2007) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545 (1999)).

The Third Circuit's opinion in *Medcalf v. Trustees of the Univ. of Pennsylvania*, 71 F. App'x. 924 (3d Cir. 2003), exemplifies the high evidentiary burden a plaintiff seeking punitive damages must meet. In *Medcalf*, the Third Circuit upheld an award of punitive damages where

4

there was evidence that the defendant's manager made hiring decisions based on gender, despite her knowledge of the employer's anti-discrimination policy prohibiting the employer from taking gender into account when hiring. *Id*. at 932. Specifically, the employer advertised an opening for the coach position of a women's sports team. Although thirty-four of the fifty-four applicants for the position were men, the individual charged with hiring did not interview any male applicants. *Id*. at 926. Further supporting the award of punitive damages was testimony that the hiring individual had stated that she was seeking a female coach because all other coaches were male. *Id*. at 931-32. This same individual also supposedly told the plaintiff that he should not be disappointed about not being selected because the employer would find a female candidate as qualified as the plaintiff. *Id*. at 932. In light of this credited evidence of the hiring manager's explicit stated intention to discriminate, the Third Circuit upheld the jury's imposition of punitive damages.

In stark contrast to *Medcalf*, Ms. Briggs failed to introduce *any* evidence that Temple University subjected her to a retaliatory hostile work environment—let alone with malice or reckless indifference to her federally protected rights sufficient to warrant the imposition of punitive damages. In further contrast to *Medcalf*, where there was direct evidence of discriminatory animus (*e.g.*, the hiring manager explicitly stated that she was seeking a female coach, rather than a male coach because all other coaches were male), Ms. Briggs did not offer *any* direct evidence of discriminatory or retaliatory animus. In addition, Ms. Briggs' own counsel introduced evidence at trial that Temple University has policies that prohibit discrimination and retaliation. (Exhibit B, Trial Tr. (7.18.18 PM) 42:9-15.) This evidence is consistent with Ms. Briggs' testimony during her deposition that Temple University's Policies and Procedures Manual, which she received and was aware of throughout her employment,

5

explicitly prohibits discrimination and harassment. (Exhibit C, Briggs Dep. at 179:17-181:2.) These facts alone are sufficient to support this Court's decision not to charge the jury on punitive damages. *See Ridley*, 217 F. App'x at 137 (affirming summary judgment dismissing plaintiff's claims for punitive damages where employer had evidence of a policy and training on anti-discrimination). Contrary to Ms. Briggs' argument, the bar against punitive damages applies even where an employee, like Ms. Briggs, claims her employer did not investigate a complaint of discrimination or harassment, or did not investigate it thoroughly. *Id*. at 137-38 (rejecting plaintiff's argument that the employer's alleged failed investigation created an issue as to the employer's good faith effort to comply with Title VII). Ms. Briggs' argument that her complaints were "met only with the run-around" and that Temple University's purported failure to properly investigate her complaints "allowed the toxic environment . . . to fester" is, therefore, insufficient to support an imposition of punitive damages. *Id*.

All but admitting that she failed to offer evidence of malice or reckless indifference sufficient to warrant an imposition of punitive damages under Title VII, Ms. Briggs contends that the jury's finding that Temple University willfully discriminated against her because of her age is *ipso facto* conclusive evidence that Temple University subjected her to a retaliatory hostile work environment in violation of Title VII with malice or reckless indifference to her federally protected rights. Tellingly, Ms. Briggs does not cite to *any* authority for this proposition, and Temple University's undersigned counsel could not find any reported decision to that effect. Ms. Briggs' attempt to leverage the jury's finding of willfulness under the ADEA into a finding of malice or reckless indifference to support an award of punitive damages under Title VII is simply misguided and of no consequence because punitive damages are not available under the ADEA. *E.g., Tumolo v. Triangle Pacific Corp.*, 46 F. Supp. 2d 410, 416 (E.D. Pa. 1999).

In short, Ms. Briggs is not entitled to a new trial because this Court correctly ruled that there was insufficient evidence to charge the jury on punitive damages.

## IV.   CONCLUSION

Ms. Briggs magnified her own damages by voluntarily withdrawing from the labor market, thus precluding any claim for front pay, and she failed to present *any evidence* of a retaliatory hostile work environment, much less evidence of malice or reckless indifference sufficient to warrant an imposition of punitive damages under Title VII.  For these reasons, as detailed hereinabove, Temple University respectfully requests that this Court enter an Order denying Ms. Briggs' Post-Trial Motion for Front Pay Damages and for a New Trial on Punitive Damages.

Respectfully submitted,

*/s/ Richard R. Harris*
Richard R. Harris, (PA No. 84897)
Rachel Fendell Satinsky, (PA No. 308751)
Jonathan L. Shaw, (PA No. 316882)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3044 (t)
267.402.3131 (f)
rharris@littler.com
rsatinsky@littler.com
jlshaw@littler.com

*Attorneys for Defendant Temple University*

Date: August 24, 2018

**CERTIFICATE OF SERVICE**

I, Richard R. Harris, hereby certify that, on this 24th day of August, 2018, the foregoing Response and Memorandum of Law in Opposition to Plaintiff Ruth Briggs' Post-Trial Motion for Front Pay Damages and for a New Trial on Punitive Damages Only, together with a Proposed Order, were filed using the Eastern District of Pennsylvania's ECF system, through which these documents are available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Richard R. Harris*
Richard R. Harris