IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**RUTH BRIGGS,**

          **Plaintiff,**

     **v.**

**TEMPLE UNIVERSITY**

          **Defendant.**
_____

**CIVIL ACTION NO.
16-cv-0248**

**PLAINTIFF RUTH BRIGGS'S REPLY IN FURTHER
SUPPORT OF HER MOTION FOR FRONT PAY DAMAGES
AND FOR A NEW TRIAL ON PUNITIVE DAMAGES ONLY**

Plaintiff Ruth V. Briggs submits the following response to Defendant's Opposition to Plaintiff's Post-Trial Motion for Front Pay Damages and for a New Trial on Punitive Damages Only (Doc. No. 75).

With regard to front pay damages, Defendant argues that Plaintiff is not entitled to *any* front pay damages because she allegedly "withdrew from the labor market." Defendant's argument is neither factually nor legally correct. As described in detail in Plaintiff's Motion (Doc. No. 65), after Defendant terminated her employment on April 1, 2014, Plaintiff diligently, albeit unsuccessfully, searched for employment for **two-and-a-half years** before commencing work as a home healthcare aid in August 2016. See Doc. No. 65 at p.3. Plaintiff's substantial job search efforts – which included applying to over 100 jobs, over one dozen of which were substantially equivalent jobs with Defendant itself – are documented in Plaintiff's Trial Exhibits 59 and 67. Plaintiff has remained employed as a home healthcare aid since August 2016. She has never withdrawn from the labor market.

1

Defendant argues, however, that Plaintiff is not entitled to any front pay damages – and, in fact, her back pay damages should be cut off – because she has not searched for more lucrative work since she re-started working in August 2016. **None** of the cases cited by Defendant in its Opposition Brief stand for this legal proposition, and **none** of these cases are even remotely factually analogous to the present matter.

For example, Defendant relies heavily on Holocheck v. Luzerne County Head Start, Inc., No. 04-2082, 2007 U.S. Dist. LEXIS 22339 (M.D. Pa. Mar. 28, 2007). In that case, the plaintiff "testified that she has made **no** effort to obtain any substitute employment – either within or outside the field of teaching – since she was terminated by Head Start. She has not read through the classified ads to locate a job, nor has she made inquiries within her field. In other words, since her termination, Ms. Holocheck has remained idle." Id. at **44-45 (emphasis added). Accordingly, the court concluded that the plaintiff "immediately exited the employment market" and granted summary judgment for the defendant on the claim for front pay. Id. at **50-51.

The facts in Holocheck have **zero** resemblance to the facts and evidence in the present case. Unlike in Holocheck, Plaintiff Briggs presented significant evidence of her immediate job search efforts that she sustained for over two years. She testified to her methods for searching for a job online and in-person, and provided documentary evidence of those efforts. In no way did Plaintiff Briggs "remain[] idle."

Defendant cites Tubari Ltd., Inc. v. NLRB, 959 F.2d 451 (3d Cir. 1992), which stemmed from a labor dispute. In that case, the Third Circuit reduced the damages awarded to the discriminated-against employees after finding that they "made **no** effort at all to secure substantially equivalent employment." Id. at 458 (emphasis added). Again, as in Holocheck, those facts are simply not present in this matter.

Tubari is relevant, however, **to support Plaintiff's argument** that she is entitled to front pay damages. The Third Circuit explained that where – as in this case – the plaintiff has undertaken diligent search efforts to find comparable employment and then secures employment at a lower wage than her former salary, the plaintiff **"has no continuing duty to search for a more lucrative job."** Id. (emphasis added).

The Third Circuit stated in Tubari:

> There is, of course, no requirement that in seeking interim employment a discriminatee must secure equal or greater wages than his or her former salary. Indeed, the Board has held that a discriminatee who accepts suitable interim employment, even at a lower wage, has no continuing duty to search for a more lucrative job. *See, e.g.*, *F.E. Hazard, Ltd.*, 303 N.L.R.B. No. 130, 1991 N.L.R.B. LEXIS 880, at *4 (July 23, 1991) ("Once a discriminatee has embarked on a legitimate course of interim employment, there is no duty to search for more lucrative interim employment."); *Sioux Falls Stock Yards Co.*, 236 N.L.R.B. 543, 570 (1978) ("It is well established that an employee who accepts appropriate interim employment, even at a lower rate of pay, is not required to search for better employment.").

Id.

The final case cited by Defendant, Caufield v. Center Area Sch. Dist., 133 Fed. Appx. 4 (3d Cir. 2005), also **supports** Plaintiff's argument here. In Caufield, the Third Circuit **reversed** the lower court's conclusion that the plaintiff failed to mitigate her damages. Id. at 13. The Third Circuit reiterated that it is the **defendant employer's** burden to prove a failure to mitigate. Id. at 10. In Caufield, the defendant failed to meet its burden of demonstrating the existence of substantially equivalent employment that the plaintiff did not exercise reasonable diligence in securing, and failed to meet its burden of proving that the plaintiff left the job market altogether. Id. at 11-12. In the present case, Defendant introduced **zero** evidence of the existence of any

substantially equivalent employment, and for the reasons set forth above, the argument that Plaintiff withdrew from the labor market is unsupported both factually and legally.

Finally, with regard to Defendant's argument opposing a new trial on punitive damages only, Defendant first argues that punitive damages are foreclosed here because Defendant maintains an anti-discrimination policy, and therefore it has engaged in "good-faith" efforts to comply with Title VII.  Defendant then contradicts its very own argument by citing to Medcalf v. Trustees of the Univ. of Pennsylvania, 71 Fed. Appx. 924 (3d Cir. 2003), where punitive damages were **upheld** because the discriminating manager "knew that Penn had an equal opportunity employment policy that prevented Penn from taking gender into account in hiring," but she did it anyway.  Id. at 932.  That is exactly what happened here.  The evidence showed that the decisionmakers in this action were fully familiar with anti-discrimination and anti-retaliation policies and statutes, but the jury concluded that they discriminated and retaliated against Plaintiff anyway.

Moreover, Defendant presented zero evidence at trial – beyond the mere existence of an anti-discrimination policy – in support of its argument that it engaged in "good-faith" efforts to comply with Title VII.  Cf. Ridley v. Costco Wholesale Corp., 217 Fed. Appx. 130, 138 (3d Cir. 2007) (cited by Defendant) (describing sufficiently good-faith efforts by the employer, including maintaining an Open Door policy, training new supervisors on the harassment complaint policy, providing supervisors with detailed materials regarding the supervisor's obligation to address discrimination issues, training warehouse and staff managers with regard to handling complaints, and instructing managers that such complaints were to be taken seriously).  That Defendant maintains a toothless anti-discrimination policy that is blatantly disregarded by its managers is simply not good enough for it to be absolved from punitive damages liability.

In conclusion, Plaintiff respectfully requests that this Court grant her Post-Trial Motion and: (a) amend the Civil Judgement to include $489,835 in front pay damages and (b) order a new trial solely on the issue of punitive damages.

                                        Respectfully submitted,

                                        **CONSOLE MATTIACCI LAW, LLC**

                                        _____
                                        Laura C. Mattiacci, Esq.
                                        Rahul Munshi, Esq.
                                        1525 Locust St., Ninth Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676 (t)
                                        (215) 814-8920 (f)
                                        mattiacci@consolelaw.com
                                        munshi@consolelaw.com

                                        Attorneys for Plaintiff, Ruth Briggs

Dated: August 28, 2018

## **CERTIFICATE OF SERVICE**

I, Rahul Munshi, hereby certify that Plaintiff Ruth Briggs's Reply in Further Support of Her Motion for Front Pay Damages and a New Trial on Punitive Damages Only was filed using the ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record.

Richard Harris, Esquire
Rachel Fendell Satinsky, Esquire
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102-1321
rharris@littler.com
rsatinsky@littler.com
267-402-3040

Attorneys for Defendant

**CONSOLE MATTIACCI LAW, LLC**

_____
Rahul Munshi, Esquire
1525 Locust St.
Ninth Floor
Philadelphia, PA 19102

Counsel for Plaintiff, Ruth Briggs

Dated: August 28, 2018