IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH V. BRIGGS, | : |
| Plaintiff, | : Case No. 2:16-cv-00248-RK |
| v. | : HON. ROBERT F. KELLY, SR., J. |
| TEMPLE UNIVERSITY, | : |
| Defendant. | : |

**DEFENDANT TEMPLE UNIVERSITY'S SURREPLY IN OPPOSITION TO PLAINTIFF RUTH BRIGGS' POST-TRIAL MOTION FOR FRONT PAY DAMAGES AND FOR A NEW TRIAL ON PUNITIVE DAMAGES**

Temple University submits this brief Surreply in Opposition to Plaintiff's Post-Trial Motion for Front Pay Damages and For a New Trial on Punitive Damages only to elucidate the cases cited in support of its position, which Plaintiff misconstrued in her Reply Brief.

During trial, Ms. Briggs admitted that she withdrew entirely from the labor market once she secured employment as a home healthcare aide, despite her wages being less than half of what she earned at Temple University. As a matter of law, this admission precludes any award of front-pay damages. *E.g., Holocheck v. Luzerne County Head Start, Inc.*, No. 3CV-04-2082, 2007 WL 954308, at *15 (M.D. Pa. Mar. 28, 2007) (reaffirming the settled principle that when an employer successfully proves failure to mitigate, "'any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate **and any front-pay award will be foreclosed.**'" (emphasis added) (quoting *Caufield v. Center Area School District*, 133 F. App'x 4, 11 (3d Cir. 2005))).

In her Reply Brief (ECF No. 76), Ms. Briggs mischaracterizes *Tubari Ltd., Inc. v. N.L.R.B.*, 959 F.2d 451 (3d Cir. 1992) and *Caufield*, and responds to *Holocheck* with a strawman

1

argument, in a strained attempt to dodge the consequences of her admitted failure to mitigate her damages.

In its Opposition Brief (ECF No. 75), Temple cited *Tubari* for the settled principles that (1) a successful plaintiff has a duty to mitigate her damages, and (2) the employer meets its burden of establishing a failure to mitigate with evidence that the plaintiff withdrew from the job market. Ms. Briggs does not (and cannot) dispute that *Tubari* supports these principles. Instead, Ms. Briggs mischaracterizes *Tubari* by citing it for the proposition that she did not have a "continuing duty to search for a more lucrative job." (Briggs' Reply Brief, p. 3). *Tubari* does not stand for such a blanket proposition. Indeed, *Tubari* was referring only to "**interim** employment," not **permanent** employment, when it said a plaintiff does not have a "continuing duty to search for a more lucrative job." *See Tubari*, 959 F.2d at 458 ("There is, of course, no requirement that in seeking **interim** employment a discriminatee must secure equal or greater wages than his or her former salary. Indeed, the Board has held that a discriminatee who accepts suitable **interim** employment, even at a lower wage, has no continuing duty to search for a more lucrative job." (emphasis added)). In *Tubari*, the discriminatees accepted interim employment involving picketing activities earning 66% of their former salary without otherwise searching for other suitable interim employment. *Id*. at 452. The Court held that the discriminatees willfully incurred their earnings losses, thus dispensing with the need for the employer to produce evidence that substantially equivalent work was available. *Id*. at 459-60.

Differently than in *Tubari*, here, Ms. Briggs did not secure her home healthcare job as "interim employment" while continuing to search for permanent employment that was substantially equivalent to her employment at Temple University. Quite the opposite: Ms. Briggs' admission that she stopped looking for any other work once she secured employment as

a home healthcare aide confirms that she took the job as **permanent** employment, thus willfully magnifying her lost wages.[1]

Ms. Briggs also mischaracterizes *Caufield*, citing it for the proposition that Temple University had the burden to prove Ms. Briggs' failure to mitigate her damages by demonstrating the existence of substantially equivalent employment.  (Reply Brief, p. 3-4 ("In the present case, Defendant offered **zero** evidence of the existence of any substantially equivalent employment" (emphasis in original))).  Although the employer does have the burden of establishing a failure to mitigate damages (which Temple University acknowledged in its Opposition Brief), the employer *does not* have to demonstrate the existence of substantially equivalent employment if—as in this case—there is evidence that the plaintiff withdrew from the employment market. *Caufield*, 133 F. App'x at 10-11 ("To prove a failure to mitigate, [employer] had to prove **either** that other substantially equivalent positions were available to [plaintiff] and she failed to use reasonable diligence in attempting to secure those positions, **or, alternatively**, that [plaintiff] withdrew entirely from the employment market." (emphasis added) (internal citations omitted)).

As in *Caufield*, Temple University cited *Holocheck* for the settled principles that when an employer successfully proves a failure to mitigate, "any front-pay award will be foreclosed," and that the employer meets its burden of proving a failure to mitigate by introducing evidence that the employee withdrew from the employment market.  Ms. Briggs attempts to undermine *Holocheck's* application to this case by noting differences between her purported efforts to secure suitable employment and the plaintiff's efforts in *Holocheck*.  Her strawman argument misses the point.  *First*, Temple University did not argue that Ms. Briggs' efforts resembled or

---

[1] Had Ms. Briggs taken the home healthcare aide job as temporary or "interim" employment while continuing to search for suitable, permanent employment, then the argument that she was not required to search for more lucrative interim work would be more appropriate.

were the same as the plaintiff's in *Holocheck*. *Second*, and more importantly, the fact that Ms. Briggs' purported efforts to secure substantially equivalent permanent employment do not "resemble" the plaintiff's efforts in *Holocheck* does not undermine Temple University's reliance on *Holocheck* for the settled principles that (1) when an employer successfully proves a failure to mitigate, any front-pay award will be foreclosed, and (2) the employer meets its burden of proving a failure to mitigate by introducing evidence that the employee withdrew from the employment market. Ms. Briggs' focus on the differences between her purported efforts to mitigate her damages and the plaintiff's efforts in *Holocheck* is a thinly veiled attempt to distract the Court.

      Ms. Briggs's trial testimony is clear: once she secured employment as a home healthcare aide in August 2016, she stopped searching for any other type of employment despite the fact that her wages as a home healthcare aide were less than half of what she earned as a Temple University employee. (Trial Tr. (7.17.18 PM) 72:12-14.) Ms. Briggs' actions constitute a willful loss of earnings, which precludes any award of front-pay damages. *See Tubari*, 959 F.2d at 458; *Caufield*, 133 F. App'x at 11; *Holocheck*, 2007 WL 954308, at *15.

        Respectfully submitted,

        */s/ Richard R. Harris*
        Richard R. Harris, (PA No. 84897)
        Rachel Fendell Satinsky, (PA No. 308751)
        Jonathan L. Shaw, (PA No. 316882)
        **LITTLER MENDELSON, P.C.**
        Three Parkway
        1601 Cherry Street, Suite 1400
        Philadelphia, PA  19102.1321
        267.402.3044 (t)
        267.402.3131 (f)
        rharris@littler.com
        rsatinsky@littler.com
        jlshaw@littler.com

        *Attorneys for Defendant Temple University*

Date: September 6, 2018

## CERTIFICATE OF SERVICE

I, Richard R. Harris, hereby certify that, on this 6th day of September, 2018, the foregoing Surreply in Opposition to Plaintiff's Post-Trial Motion for Front Pay Damages and For a New Trial on Punitive Damages was filed using the Eastern District of Pennsylvania's ECF system, through which these documents are available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*/s/ Richard R. Harris*
Richard R. Harris