IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTH BRIGGS, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 16-248 |
| TEMPLE UNIVERSITY, | : |
| Defendant. | : |

## ORDER

AND NOW, this 3rd day of December, 2018, upon consideration of Plaintiff Ruth Briggs' ("Briggs") Motion for Attorneys' Fees, Costs, and Interest (Doc. No. 80), it is hereby **ORDERED** that Briggs' Motion is **DENIED WITHOUT PREJUDICE**.[1]

---

[1] Briggs commenced this employment discrimination, retaliation, and hostile work environment action against Defendant Temple University ("Temple") on January 20, 2016. Briggs alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951, *et seq*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Following a four-day trial, the jury returned a verdict in Briggs' favor on July 19, 2018. (Doc. No. 58.) On August 9, 2018, Temple filed a Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, or, in the Alternative, for a Remittitur (Doc. No. 64.) On August 10, 2018, Briggs filed a Motion for a New Trial on Punitive Damages Only and for Front Pay Damages (Doc. No. 65.) On October 16, 2018, this Court denied Temple's Motion in its entirety and granted in-part and denied in-part Briggs' Motion. (Doc. No. 79 ("October Order").) Briggs filed her Motion for Attorneys' Fees, Costs, and Interest on October 29, 2018. On November 13 and 15, 2018, Briggs and Temple, respectively, filed notices of appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit") from our October Order.

It is well established that when deciding a motion for fees that, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Adv. Comm. Notes (1993) to Fed. R. Civ. P. 54(d)(2)(B), *see also Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, No. 07-753, 2011 WL 810003 (D. Del. Mar. 3, 2011), *Astrazeneca AB v. Mut. Pharm. Co.*, No. 00-4731, 2003 WL 22794868 (E.D. Pa. Nov. 12, 2003).

It is our opinion that the outcome of the appeals could significantly impact the amount fees awarded to Briggs or her entitlement thereof. First, the Third Circuit's decision could result in Briggs no longer being entitled to a mandatory award of reasonable attorney's fees. *See* 29 U.S.C. § 216(b). Second, Briggs states that the present motion does not include "fees for services rendered or costs incurred after October 25, 2018" and she "reserves her right to supplement her petition for fees and costs and/or file a subsequent petition seeking reimbursement for worked performed" after that date. (*See* Pl.'s Mem. Law in Supp. Mot. for Attorneys' Fees 1 n.1.) In anticipation that Briggs will file a supplemental fee petition, we believe it is in the best interest of judicial economy to decide a motion for fees at a time when all potential fees or costs incurred can be calculated.

It is **FURTHER ORDERED** that Briggs may refile her motion upon the resolution of all appeals in this case pursuant to Federal Rule of Civil Procedure 54(d)(2)(B).

BY THE COURT·

*Robert F. Kelly*
ROBERT F. KELLY
SENIOR JUDGE